# EXHIBIT B



Evan Talley <etalley@dunlapcodding.com>

## Terves v. Yueyang et al. -- Bradley subpoena

**Cavanagh, Matthew J.** <mcavanagh@mcdonaldhopkins.com>     Mon, Oct 7, 2019 at 7:27 PM
To: "sforbes@norchilaw.com" <sforbes@norchilaw.com>, Evan Talley <etalley@dunlapcodding.com>
Cc: "Cupar, David B." <dcupar@mcdonaldhopkins.com>, "Micalizzi, Julie" <jmicalizzi@mcdonaldhopkins.com>

Counsel,

In accordance with Fed. R. Civ. P. 45(a)(4), this email provides notice that the attached subpoena will be served on the designated third-party.

Regards,

Matt Cavanagh
Member

T: 216.348.5730     600 Superior Avenue East
F: 216.348.5474     Suite 2100
mcavanagh@mcdonaldhopkins.com     Cleveland, OH 44114
www.mcdonaldhopkins.com



A business advisory and advocacy law firm

**2 attachments**

- subpoena form_bradley (8381691x7AB84).pdf
  531K

- subpoena duces tecum_bradley (8382730x7AB84).pdf
  81K

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| Terves LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:19-cv-01611-DCN |
| Yueyang Aerospace New Materials Co.Ltd. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Bradley Machine & Design, LLC
818 N. 18th Street
Chickasha, OK 73018

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Subpoena Duces Tecum, which is attached as Exhibit A and incorporated herein by reference.

| Place: Dodson Reporting<br>425 NW 7th Street<br>Oklahoma City, OK 73102 | Date and Time:<br>10/29/2019 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     s/ Matthew J. Cavanagh
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Terves LLC                                                        , who issues or requests this subpoena, are:
600 Superior Ave., East, Suite 2100, Cleveland, OH 44114
Matthew J. Cavanagh, mcavanagh@mcdonaldhopkins.com, 216-348-5400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-01611-DCN

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

### SUBPOENA DUCES TECUM

## Definitions

1. "Bradley," "You," or "Your" refers to the recipient of this subpoena, Bradley Machine & Design, LLC, and any of its past, present, or future successors, predecessors, affiliates, parents, subsidiaries, partners, owners, officers, members, directors, shareholders, employees, representatives, agents, consultants, contractors, attorneys, or others acting on its behalf.

2. The "'010 Patent" refers to U.S. Patent No. 9,903,010.

3. The "'653 Patent" refers to U.S. Patent No. 10,329,653.

4. The "Terves' Patents" refers collectively to the '010 Patent and '653 Patent.

5. "Dissolvable Casting" refers to any metal or metal alloy that contains magnesium and that was previously heated, mixed, and cooled to form a solid and which is dissolvable in water or a salt solution (e.g., brine, KCl-water solution), regardless of whether the material has been extruded, machined, or otherwise processed.

6. "Material" refers to any ingredient, substrate, component, additive, alloy, or element used in the manufacture of a Dissolvable Casting.

7. "Formulas" refers to the formulas, recipes, directions, methods, instructions, procedures, process descriptions, specifications, list of Materials, or the like that are used to manufacture, or that describe any step in the manufacture of, a Dissolvable Casting.

8. "Document" has the same definition as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and specifically includes "ESI" as that term is defined below, writings, recordings, and photographs, including copies thereof that are different in any way from the original.

9. "ESI" refers to any information that requires electrical power to store or to retrieve, including (without limitation) information stored in or obtainable from e-mail servers, active and archived e-mail accounts, databases, network storage devices, network drives, file servers, legacy systems, backup tapes, Internet web pages, social media, Internet applications, hard drives, desktop or laptop computers, electronic data storage media (e.g., CDs, DVDs, and floppy disks), electronic data storage devices (e.g., USB flash drives, external hard drives, and memory cards), and electronic handheld devices (e.g., cell phones, personal digital assistants, and smart phones).

10. "Business Records" refers to "Records of Regularly Conducted Activity" as defined in Federal Rule of Evidence 803(6).

11. "Communication" refers to any transmission of information from one person or entity to another, including (without limitation) by in-person meeting, telephone, radio, telegraph, facsimile, email, teleconference, text message, voice message, electronic message, website posting, social media websites and applications, etc.

### Instructions

This Subpoena commands You to produce the following documents and to permit inspection and copying of them. In lieu of producing them for inspection and copying you may, except as otherwise indicated, either: (a) convert the requested documents to PDF and email them to the undersigned attorney on or before the date required by the subpoena; or (b) deliver paper copies of the requested documents to the undersigned by means that ensure receipt on or before the date required by the subpoena (*e.g.*, FedEx).

### Documents to Produce

1. For inspection and testing, a tangible sample of each different Dissolvable Casting in Your possession, custody, or control.

2. All Documents that contain, describe, or concern the Formulas for any Dissolvable Casting that existed or was received, shipped, made, used, offered for sale, sold, processed, machined, or imported on or after January 1, 2017, including (without limitations) any instructions, procedures, specifications, drawings, or orders.

3. All Documents that concern, refer to, reflect, constitute, or evidence the composition, testing or test results, photos or images (including any microscopic photos), analysis, or quality-control checking of any Dissolvable Casting that existed or was received, shipped, made, used, offered for sale, sold, processed, machined, or imported on or after January 1, 2017, including (without limitation) any Documents that show the Materials present in the casting, the amount of each Material present, grain structure, or images obtained from a microscope.

4. For each shipment, receipt, purchase, sale, importation, manufacture, processing, or machining of a Dissolvable Casting on or after January 1, 2017, Business Records (*e.g.*, purchase orders, invoices) sufficient to show: (a) a description of the Dissolvable Casting, (b) the quantity/amount shipped, received, purchased, sold, imported, manufactured, processed, or machined, (c) the price charged by You for work related to the Dissolvable Casting, both per unit and total, and price paid (if different), (d) description of all business transactions related to the Dissolvable Casting and the Dates of each transaction, and (e) name and address of the shipper, receiver,

manufacturer, seller, supplier, importer, buyer, customer, reseller, and/or recipients of the Dissolvable Casting.

5. All manufacturing or machining records concerning any Dissolvable Casting that existed or was received, shipped, made, used, sold, offered for sale, machined, processed, or imported on or after January 1, 2017, including (without limitation) any Documents showing what was manufactured/machined and how much, where and when it was manufactured/machined, who performed the manufacturing/machining, the results of the manufacturing or machining operation, and the steps in the manufacturing or machining process.

6. All importation records concerning any Dissolvable Casting that existed or was received, shipped, made, used, sold, offered for sale, or imported on or after January 1, 2017, including (without limitation) bills of lading and any Documents showing what was imported, how much was imported, when it was imported, from where it the shipment originated, and to where the shipment was destined.

7. All inventory records showing inventory of any Dissolvable Casting that existed or was received, shipped, made, used, sold, offered for sale, or imported on or after January 1, 2017.

8. All Documents that were created, modified, transmitted by You, or received by You on or after January 1, 2017, that: (a) refer to or concern Ecometal Inc., Nick Yuan, or Yueyang Aerospace New Materials Co. Ltd., and (b) Dissolvable Casting.

9. To the extent they were not produced in response to the requests above, all Documents (including Communications): (a) provided to You by Ecometal Inc., Nick Yuan, or Yueyang Aerospace New Materials Co. Ltd. on or after January 1, 2017 that concern Terves or Dissolvable Casting, or (b) provided by You on or after January 1, 2017 to Ecometal Inc., Nick Yuan, or Yueyang Aerospace New Materials Co. Ltd. that concern Terves or a Dissolvable Casting.

In responding to this subpoena duces tecum, You must produce any requested Documents that are in your possession, custody, or control.

Dated: October 8, 2019

                                                    /s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400   f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Terves LLC*

{8381692: }