# EXHIBIT G

**BRADLEY MACHINE & DESIGN LLC**
PO BOX 663
CHICKASHA, OK 73023
PH:  405-224-2223
FAX:  405-224-2257

To whom it may concern,

I used to own a 1/3 interest in Magnesium Machine LLC. As of December 31, 2017, I sold my shares to the other two shareholders. Included is the settlement agreement and mutual release. To the best of my knowledge Bradley Machine & Design, LLC does not have in its possession any material, formulas, documents, or records concerning any Dissolvable Casting from Ecometal Inc, Nick Yaun, or Yueyang Aerospace New Materials Co, Ltd. All material and records were handed over to Magnesium Machine LLC and I do not have any access to my old Magnesium Machine E-mail address. Please feel free to contact me with any questions you may have.

Sincerely,

Stacy McCrackin
Bradley Machine & Design, LLC
Phone: 405-224-2223
Cell: 405-420-8653
smccrack@sbcglobal.net

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement"), dated effective December 31, 2017 (the "Effective Date"), is entered into by and between **Magnesium Machine, LLC** ("MMP"), an Oklahoma limited liability company; **Loren Swor** ("LS"); **Brian Wilkinson** ("BW") (MMP, LS and BW are collectively referred to herein as "MMP Parties"); **Bradley Machine & Design, L.L.C.,** an Oklahoma limited liability company ("BMD"); and **Stacy McCrackin** ("SM") (BMD and SM are collectively referred to herein as "BMD Parties") (collectively, the "Parties")

## RECITALS

WHEREAS, LS, BW and SM are the sole members of MMP with each owning 1/3rd interests in MMP;

WHEREAS, MMP and BMD have entered into certain business transactions;

WHEREAS, the Parties have certain disputes among themselves;

WHEREAS, the Parties recognize the risks associated with any dispute between them (including, without limitation, litigation, trial, and potential appeals), the difficulty and expense associated with such disputes, and the uncertainty of the outcomes and deem it desirable and beneficial that any and all related disputes and controversies be settled;

WHEREAS, the Parties have agreed to settle all disputes currently between them in the manner and upon the specified terms and conditions set forth herein.

## SETTLEMENT TERMS

1. **AGREEMENTS FOR COMPROMISE**

1.1  <u>Membership Interest.</u>  SM shall assign to MMP or its designee(s) effective on the Effective Date, all of his right, title, and interest to membership interests in MMP (the "Units") by execution and delivery to MMP of the Assignment attached hereto as **Exhibit A**, and in return MMP shall pay SM $117,500.000 contemporaneously with the execution of the assignment.

1.2  <u>Destruction of Drawings.</u>  SM shall destroy any hard copies or computer stored documents of all drawings generated by the MMP Parties, including, but not limited to, KLX Company, Nine Company and all others regardless of title block.  MMP shall destroy any hard copies or computer stored documents of drawings originated by BMD including ball sizes originated by BMD for Protek Systems, LLC.

1.3  <u>Payment of BMD Invoice/Release of Protek Checks.</u>  MMP shall pay the Client Trust Account of Robert J. Hays P.C. the amount of $107,690.00 (the "Trust Account Amount") in payment of those certain invoices from BMD to MMP (the "BMD Invoice").  The BMD Parties shall release to MMP those certain negotiable checks from Protek Systems, LLC totaling $51,195.00 (the "ProTek Checks").  MMP agrees to deposit the ProTek Checks into its account immediately upon receipt.  In the event that some or all of the ProTek Checks are not accepted for final credit to MMP's bank account, whatever amount is not accepted for final credit shall be paid from the Trust Account Amount to MMP with any remaining amount being released to BMD.

1.4  <u>Release and Assistance with Delivery of Material.</u>  The BMD Parties agree to make available to the MMP Parties the materials set forth on **Exhibit "B"** attached hereto as a part hereof (the "Materials") upon receipt of consent for such from Protek Systems, LLC, all on the following terms and conditions:

1.4.1  The BMD Parties' largest and newest forklift shall be make available to the MMP Parties for loading the materials onto transport trailers;

1.4.2  The BMD Parties will insure that each crate containing Materials shall be properly banded and secure for shipping;

1.4.3  The BMD Parties shall have kept and continue to keep the Materials in a dry and secure location until loaded by the MMP Parties;

1.4.4  BW's band saw will be made available to him immediately.

1.4.5  Any of MMP's Go No Go gauges in the BMD Parties' possession will be delivered to MMP by the BMD Parties immediately.  The BMD Parties do not currently believe they have any such Go No Go gauges in their possession.

1.5  <u>Delivery of Records.</u>  The BMD Parties shall immediately deliver to the MMP Parties all of the paper copies of MMP documents in their possession.  Further the BMD Parties shall immediately provide the MMP Parties with electronic access to all their records

contained in QuikBooks including providing any and all necessary passwords and the like along with all prior years' tax filings and information.

1.6    Disclaimer of Interests.    The BMD Parties hereby disclaim any and all interests in that certain Exclusive Supply Agreement by and between MMP, BMD, and Protek Systems, LLC and dated December 8, 2015 as amended and that certain Mutual Non-Disclosure Agreement dated April 24, 2014 between MMP and ProTek Systems, LLC (collectively the "Protek Agreements"). Further the BMD Parties hereby disclaim any and interests and rights in and to the MMP Parties' designs and other intellectual property, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for a period of three (3) years from the Effective Date. The BMD Parties shall immediately deliver to MMP a signed Acknowledgement in the form attached hereto as **Exhibit "C".**

## 2.    RELEASE OF CLAIMS

2.1    The MMP Parties' Release of the BMD Parties.    Subject only to the terms, provisions, limitations, and exceptions set forth herein, for and in consideration of the promises, obligations, releases, and recitals set forth herein, the MMP Parties, on their own behalf and on behalf of their assigns, affiliates, agents, servants, attorneys, insurers, officers,  owners, members, employees, successors, and representatives (collectively the "MMP Releasors"), IRREVOCABLY AND UNCONDITIONALLY RELEASE, ACQUIT, AND FOREVER DISCHARGE the BMD Parties and their successors and assigns from  any and all claims, liabilities, damages, costs, and expenses, including attorneys' fees, known or unknown, both at law or in equity, fixed or contingent, arising between the Parties prior to or contemporaneously with the Effective Date and the execution date hereof, provided that this release is not intended to and shall not be construed as releasing any claim, demand or cause of action, if any, that arise from and after the Effective Date or the execution of this Settlement Agreement and relate to this Settlement Agreement.

2.2    The BMD Parties' Release of the MMP Parties.    Subject only to the terms, provisions, limitations, and exceptions set forth herein, for and in consideration of the promises, obligations, releases, and recitals set forth herein, the BMD Parties, on their own behalf and on behalf of their assigns,  agents, servants, attorneys, insurers, officers,  owners, members, employees, successors, and representatives (collectively    the    "BMD    Releasors"),    IRREVOCABLY    AND UNCONDITIONALLY    RELEASES,    ACQUITS,    AND    FOREVER DISCHARGES the MMP Parties and  their affiliates, servants, attorneys, successors, insurers, officers,  owners, members, employees, successors, and representatives from any and all claims, liabilities, damages, costs, and expenses, including attorneys' fees, known or unknown, both at law or in equity, fixed or

3

contingent, arising between the Parties prior to or contemporaneously with the Effective Date and the execution date hereof, provided that this release is not intended to and shall not be construed as releasing any claim, demand or cause of action, if any, that arise from and after the Effective Date or the execution of this Settlement Agreement and relate to this Settlement Agreement.

**3. CONFIDENTIALITY**

3.1    Confidentiality/Exceptions.  The Parties will keep confidential the specific terms, conditions, provisions, and negotiation of this Agreement, except that the terms, conditions, provisions, and negotiation of this Agreement may be disclosed or characterized as follows:

    3.1.1    By any Party to current or future directors, members, officers and employees (as necessary to ensure compliance with this Agreement);

    3.1.2    By any Party when needed to respond to any valid order of any court or administrative or regulatory agency of competent jurisdiction with the statutory power to compel such disclosure, or in response to a valid subpoena or discovery request;

    3.1.3    By any Party in confidence to its attorney(s), insurers, accountants, spouse, financial advisors, or auditors;

    3.1.4    By any Party to enforce the terms of this Agreement; or

    3.1.5    By written agreement of the Parties.

3.2    Disclosure.  In the case of a disclosure under Section 3.1.2, at least twenty (20) days prior to making such disclosure when possible or reasonable under the circumstances, where legally permissible, the Party shall notify the other Party and shall deliver a copy of such subpoena, discovery request, and/or order to the other Party(ies) to afford it the opportunity to seek a protective order or other appropriate remedy against disclosure.  If asked about the Lawsuit or the dismissal thereof, the Parties shall respond that the Lawsuit was mutually resolved.

**4. NON-DISPARAGEMENT**

4.1    No Disparaging Remarks.  The Parties agree they will not make any disparaging remarks about any other Party to this Agreement. Nothing in this Agreement shall be construed to prohibit any Party from testifying truthfully pursuant to a subpoena or other lawful Court process.

**5. LEGAL FEES**

5.1    <u>Attorney's Fees/Costs.</u>  The Parties shall be responsible for their respective attorney's fees incurred and any and all costs associated with any claims that were made or could have been made.

## 6. ADDITIONAL TERMS

6.1    <u>Recitals.</u>  The Recitals set forth above are hereby incorporated in this Agreement and made a part hereof.

6.2    <u>Mutual Warranties.</u>  Each Party represents and warrants to the other(s) that:

     6.2.1   A duly authorized representative of the Party has read this Agreement in its entirety;

     6.2.2   The Party has discussed all aspects of this Agreement with its attorney(s) and fully understands all of the provisions and their legal and practical effect;

     6.2.3   The consideration provided herein is good and valuable;

     6.2.4   The Party is entering into this Amendment voluntarily, of its own free will, and without any coercion, undue influence, threat, or intimidation of any kind or type whatsoever;

     6.2.5   The Party has not assigned, pledged, or transferred, or purported to assign or transfer to any person or entity any pending or potential claim, counterclaim, third-party claim, or right the Party purports to maintain, posses, or own or any portion therefor or interest therein, that would fall under the release of claims of Sections 2.1 and 2.2.

     6.2.6   The Party is represented by counsel, and counsel for such Party has reviewed this Agreement and counseled its client with regard to this Agreement before its clients signed this Agreement; and

     6.2.7   The person executing this Agreement on behalf of the Party is fully authorized and legally competent to execute this Agreement as the legal, valid, and binding act and deed of such Party and is a duly authorized representative of such Party.

6.3    <u>Mutual Cooperation.</u>  The Parties agree to cooperate in good faith to effectuate all of the terms and condition of this Agreement, including doing or causing their agents and attorneys to do whatever is reasonable and necessary to effectuate the signing, delivery, execution, filing, recording, and entry of any necessary documents to conclude this matter and to otherwise perform the terms of this Agreement.

6.4 <u>Breach.</u> This Agreement is in no way intended to and shall not release any of the Parties from any liability for breach of this Agreement and/or the Permanent Injunction. In the event of litigation arising from or relating to this Agreement and/or the Permanent Injunction, the Parties agree that the prevailing party shall be entitled to recover from the opposing Party(ies) its reasonable and necessary court costs, litigation expenses (including, without limitation reasonable and necessary copying charges, postage, and telecommunication charges), and reasonable attorney's fees.

6.5 <u>Construction/Interpretation.</u> The Parties are cooperating in the drafting and preparation of this Agreement. Hence, in any construction and/or interpretation being made of this Agreement, the same shall not be construed either for or against any of the Parties.

6.6 <u>Governing Law/Venue.</u> This Agreement shall be construed in accordance with, and governed by, the laws of the State of Oklahoma.

6.7 <u>Entire Agreement/Modification.</u> This Agreement constitutes the entire agreement between the Parties, and the terms of this Agreement are contractual and not a mere recital. This Agreement may not be modified except by subsequent agreement in writing signed by all the Parties. No amendment or modification of this Agreement shall be effective unless executed in writing by the Parties.

6.8 <u>Severability.</u> If any paragraph or clause in this Agreement shall be held invalid or unenforceable in any jurisdiction, for any reason, then the meaning of such paragraph or clause shall be construed so as to render it enforceable to the extent permissible. If no permissible interpretation would save such paragraph or clause, it shall be severed from these terms and conditions, and the remainder of this Agreement shall remain in full force and effect.

6.9 <u>Headings.</u> The headings and captions contained in this Agreement are inserted only as a manner of convenience and in no way define, limit, extend, or describe the scope of this Agreement or the intent of any provision thereof.

6.10 <u>Binding Agreement.</u> This Agreement is binding upon, and shall inure to the benefit of and bind the Parties' owners, officers, directors, employees, members, lenders, investors, parents, spouses, heirs, successors-in-interest, affiliates, and assigns.

6.11 <u>No Third-Party Beneficiaries.</u> Nothing in this Agreement shall be construed so as to confer upon any other person or entity, the rights of a third-party beneficiary.

6.12 <u>Waiver.</u> No breach of any provision of this Agreement can be waived unless done so expressly and in writing. Express or implied waiver of any one breach shall not be deemed a waiver of any other breach of the same or of any provision hereof.

6.13    Execution.  Execution of this Agreement via email shall be effective, and signatures received via email shall be binding upon the Parties and shall be effective as originals.  Further, this Agreement may be executed in multiple originals or counterparts, each of which shall be together shall constitute a fully executed and binding Agreement.

6.14    Notice.  All notices and other communications here under shall be in writing and shall be deemed given if delivered in person, by email when such email is transmitted to the email address specified below, by overnight express delivery service (e.g., Federal Express), or by registered or certified mail (postage prepaid, return receipt requested) to the other Party(ies) at the following addresses (or at such other address for a party as shall be specified by like notice, provided that notices of change of address shall be effective only upon receipt thereof):

        To the MMP Parties:

                Magnesium Machine LLC
                1202 W. Hiway 7
                Marlow, OK 73055
                Email: lorenswor@magmachineparts.com
                Email: brianwilkinson@magmachineparts.com

        With a copy to:

                Cheryl P. Hunter
                HOLLADAY & CHILTON, PLLC
                204 N. Robinson, Suite 1550
                Oklahoma City, OK 73102
                Email: cheryl.hunter@holladaychilton.com

        To BMD Parties:

                Bradley Machine & Design LLC
                816 N. 18th Street
                Chickasha, Oklahoma 73018
                Email:  smccrack@sbcglobal.net
        With a copy to:

                Robert J. Hays
                307 South Seventh Street
                Chickasha, OK 73018
                Email: robert@roberthayspc.com


**[The rest of this page is intentionally left blank.]**

The undersigned have carefully read this Agreement, understand the contents thereof, and sign same as a result of their own free and voluntary act.

Dated this **2** day of ~~April~~ July, 2018 but effective December 31, 2017.

**Magnesium Machine, LLC,** an Oklahoma limited liability company

_____
Loren Swor, Individually and as Manager of Magnesium Machine, LLC

_____
Brian   Wilkinson,   Individually   and   as Manager of Magnesium Machine, LLC

**Bradley  Machine  &  Design,  LLC,**  an Oklahoma limited liability company

_____
Stacy   McCrackin,   Individually   and   as Manager of Bradley Machine & Design, LLC

_____
Robert J. Hays with regard to paragraph 1.3

8

**Exhibit A**

**ASSIGNMENT OF UNITS OF
MAGNESIUM MACHINE LLC**

## KNOW ALL MEN BY THESE PRESENTS:

THAT **Stacy McCrackin**, an individual and resident of the State of Oklahoma ("Assignor"), for the sum of Ten Dollars ($10.00) and other good and valuable considerations, the receipts and sufficiency of which are hereby acknowledged, does hereby sell, transfer and convey unto **Magnesium Machine, LLC or its designee** ("Assignee"), 100 Units (the "Units") in Magnesium Machine, LLC, an Oklahoma limited liability company (the "Company").

TO HAVE AND TO HOLD the same unto the Assignee, and unto its/his/her successors and assigns. Assignor hereby warrants that he has clear record and marketable title to the Units free and clear of all liens and rights to liens, security interests, judgments, chattel mortgages and any other claims of any type and further warrants that the Units are the only interests in the Company owned or claimed by Assignor and may be freely assigned, transferred and conveyed pursuant to this Assignment. Assignor hereby relinquishes, releases and disclaims any and all claims in any way relating to or arising from the Units. Assignor's spouse, Rebecca McCrackin ("Spouse") executes below disclaiming any and all interests in and to the Units. Further, Assignor swears and affirms that he permanently destroyed any Certificate for the Units and did not keep any copies.

Assignor intends that Assignee succeed to the Units as a Member in Assignor's place.

IN WITNESS WHEREOF, this instrument is executed effective the 31st day of December, 2017.

ASSIGNOR:

_____
Stacy McCrackin

STATE OF OKLAHOMA    )
                     )
COUNTY OF Grady      )

This instrument was acknowledged before me on __July 2__, 2018 by Stacy McCrackin, known to me to be the same person who voluntarily executed the instrument.

_____
Notary Public

My Commission expires:
_10-23-2019_ (SEAL)
Comm No: 99015592

9

SPOUSE:

_Rebecca McCrackin_

Rebecca McCrackin

STATE OF OKLAHOMA          )
                           )
COUNTY OF _Grady_          )

This instrument was acknowledged before me on _July 2, 2018_, 2018 by Rebecca McCrackin, known to me to be the same person who voluntarily executed the instrument.

_Kay A Hurst_
Notary Public

My Commission expires:

_10-23-2019_    (SEAL)

Comm No: 99015592

10

## Exhibit B

## LIST OF MATERIALS

All SD Bars (minimum 1337)
All MD Bars (minimum 135)
All AMJ Bars and Tubes (minimum 48)
All MM3 Bars and Tubes (minimum 97)
Any certifications, packing and quality documents for the above materials
18,552 Ceramic Buttons
10,190 Heat Treated Steel Buttons

11

**EXHIBIT "C"**
**ACKNOWLEDGMENT**

**TO WHOM IT MAY CONCERN:**

   **Bradley Machine & Design, L.L.C.,** an Oklahoma limited liability company ("BMD"); and **Stacy McCrackin** ("SM") (BMD and SM collectively the "Parties") hereby affirm and acknowledge that the Parties consent to the termination of the Exclusive Supply Agreement entered into with Protek Systems, LLC on or about December 9, 2015, as amended (collectively the "ESA") and consent to and authorize Magnesium Machine, LLC ("MMP") to terminate the ESA without the joinder of the Parties.  Further, the Parties acknowledge that the invoices from BMD in the amount of $107,690.00 have been resolved to the Parties' satisfaction.

   In Witness Whereof, the Parties hereby execute below.


Bradley Machine & Design, L.L.C.


By: _____
Stacy McCrackin, Manager

_____
Stacy McCrackin, Individually

12