# EXHIBIT J



Evan Talley <etalley@dunlapcodding.com>

## FW: [EXTERNAL]:RE: Terves v. Yueyang Aerospace



**From:** Cavanagh, Matthew J. [mailto:mcavanagh@mcdonaldhopkins.com]
**Sent:** Wednesday, November 6, 2019 5:06 PM
**To:** Emily Hey <ehey@HallEstill.com>
**Cc** Daniel Car ey  dcar ey@HallE till com ; Kate Janke  kjanke@HallE till com ; Michael H  Smith <mhsmith@HallEstill.com>; Cupar, David B. <dcupar@mcdonaldhopkins.com>
**Subject:** [EXTERNAL]:RE: Terves v. Yueyang Aerospace

Mr. Carsey,

1. Whether Bradley breached a confidentiality obligation to Magnesium Machine ("MMP") when it responded to the Bradley subpoena has no effect on the validity of the subpoena issued to MMP. The MMP subpoena stands on its own, your theory i  not  upported by law, and your objection to the  ubpoena on that ba i , therefore, i  not well taken

2  Moreover, under the N D  of Ohio'  Local Patent Rule 2 2  "Di covery cannot be withheld on the ba i  of confidentiality absent Court order." Therefore, the confidentiality clause that you cite would not have been a proper basis for Bradley to withhold the agreement, and it's not a proper basis for MMP to withhold it or to try and claw it back.

3. Because there is not yet a stipulated protective order in the case, L.P.R. 2.2 allows us to designate the agreement as "Attorney's Eyes Only – Subject to Protective Order" until an order is entered. Please let me know if you want us to de ignate it a  uch

4. The confidentiality clause on which you rely allows MMP twenty days "to seek a protective order or other appropriate remedy against disclosure." While I disagree with your objection, to cure the issue that you raise, I will quarantine the agreement and hold it ecure a an officer of the court for twenty day , i e , until November 26, 2019 That give you twenty days to seek a protective order or other appropriate remedy against disclosure from the Court. If you seek a judicial remedy within that time period, I will comply with the Court's order regarding the agreement. If you do not seek judicial remedy, then I will end the quarantine and treat the document as subject to whatever confidentiality designation is placed on it in accordance with L P R 2 2

5 I e pect MMP to comply with the ubpoena i ued to it

Regard ,

Matt


**Matt Cavanagh**
Member


T: 216.348.5730
F: 216.348.5474
mcavanagh@mcdonaldhopkins com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

**McDonald Hopkins**
A business advisory and advocacy law firm

**From:** ehey@HallEstill.com [mailto:ehey@HallEstill.com]
**Sent:** Monday, November 04, 2019 3:37 PM
**To:** Cavanagh, Matthew J.
**Cc:** dcarsey@HallEstill.com; kjanke@HallEstill.com; mhsmith@HallEstill.com
**Subject:** Terves v. Yueyang Aerospace

Mr. Cavanagh,

Attached, please find a letter from Dan Carsey regarding the above-referenced matter.

Thank you.

**EMILY HEY** | LEGAL SECRETARY



100 N Broadway Ave | Suite 2900 | Oklahoma City, OK 73102
Office: 405-553-2849

This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.

**Links contained in this email have been replaced by ZixProtect Link Protection. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.**