# EXHIBIT K



Evan Talley <etalley@dunlapcodding.com>

## FW: [EXTERNAL]:RE: Terves v. Yueyang Aerospace

**dcarsey@hallestill.com** <dcarsey@hallestill.com>  Wed, Nov 6, 2019 at 6:23 PM
To: etalley@dunlapcodding.com

FYI.



| DANIEL CARSEY | SHAREHOLDER
100 N. Broadway Ave. | Suite 2900 | Oklahoma City, OK 73102
Office: 405-553-2313 | Bio

This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.

**From:** Daniel Carsey
**Sent:** Wednesday, November 6, 2019 6:23 PM
**To:** 'Cavanagh, Matthew J.' <mcavanagh@mcdonaldhopkins.com>
**Cc:** Kate Janke <kjanke@HallEstill.com>; Michael H. Smith <mhsmith@HallEstill.com>; Cupar, David B. <dcupar@mcdonaldhopkins.com>; Emily Hey <ehey@HallEstill.com>; Jacqueline McCormick <jmccormick@hallestill.com>
**Subject:** RE: [EXTERNAL]:RE: Terves v. Yueyang Aerospace

Mr. Cavanagh:

1. I disagree with your assessment and position, but you have another business day to reconsider (per our letter on Monday) before our client takes action in regards to the subject breach of contract that has occurred. Notwithstanding, I agree it is best to designate the Agreement per your paragraph 3 below until further court order and request that you do so at this time.

2. You haven't effectuated service, so we object to the subpoena on that ground as a starter. Did you notice the parties on the subpoena before sending the subpoena to our client? I spoke with Defendant's counsel on Monday in order to confirm your compliance with Rule 45 and learned he did not even know about the subpoena to our client until my call. Which is it? I respectfully request that you confirm your compliance under Rule 45 with me before the subpoena is addressed.

Regards,

Dan

**From:** Cavanagh, Matthew J. [mailto:mcavanagh@mcdonaldhopkins.com]
**Sent:** Wednesday, November 6, 2019 5:06 PM
**To:** Emily Hey <ehey@HallEstill.com>
**Cc:** Daniel Carsey <dcarsey@HallEstill.com>; Kate Janke <kjanke@HallEstill.com>; Michael H. Smith <mhsmith@HallEstill.com>; Cupar, David B. <dcupar@mcdonaldhopkins.com>
**Subject:** [EXTERNAL]:RE: Terves v. Yueyang Aerospace

Mr. Carsey,

1. Whether Bradley breached a confidentiality obligation to Magnesium Machine ("MMP") when it responded to the Bradley subpoena has no effect on the validity of the subpoena issued to MMP. The MMP subpoena stands on its own, your theory is not supported by law, and your objection to the subpoena on that basis, therefore, is not well taken.

2. Moreover, under the N.D. of Ohio's Local Patent Rule 2.2: "Discovery cannot be withheld on the basis of confidentiality absent Court order." Therefore, the confidentiality clause that you cite would not have been a proper basis for Bradley to withhold the agreement, and it's not a proper basis for MMP to withhold it or to try and claw it back.

3. Because there is not yet a stipulated protective order in the case, L.P.R. 2.2 allows us to designate the agreement as "Attorney's Eyes Only – Subject to Protective Order" until an order is entered. Please let me know if you want us to designate it as such.

4. The confidentiality clause on which you rely allows MMP twenty days "to seek a protective order or other appropriate remedy against disclosure." While I disagree with your objection, to cure the issue that you raise, I will quarantine the agreement and hold it secure as an officer of the court for twenty days, i.e., until November 26, 2019. That gives you twenty days to seek a protective order or other appropriate remedy against disclosure from the Court. If you seek a judicial remedy within that time period, I will comply with the Court's order regarding the agreement. If you do not seek judicial remedy, then I will end the quarantine and treat the document as subject to whatever confidentiality designation is placed on it in accordance with L.P.R. 2.2.

5. I expect MMP to comply with the subpoena issued to it.

Regards,

Matt

**Matt Cavanagh**
Member

T: 216.348.5730                600 Superior Avenue East

F: 216.348.5474
mcavanagh@mcdonaldhopkins.com
www.mcdonaldhopkins.com

Suite 2100
Cleveland, OH 44114



A business advisory and advocacy law firm

**From:** ehey@HallEstill.com [mailto:ehey@HallEstill.com]
**Sent:** Monday, November 04, 2019 3:37 PM
**To:** Cavanagh, Matthew J.
**Cc:** dcarsey@HallEstill.com; kjanke@HallEstill.com; mhsmith@HallEstill.com
**Subject:** Terves v. Yueyang Aerospace

Mr. Cavanagh,

Attached, please find a letter from Dan Carsey regarding the above-referenced matter.

Thank you.



**EMILY HEY** | LEGAL SECRETARY
100 N. Broadway Ave. | Suite 2900 | Oklahoma City, OK 73102
Office: 405-553-2849

This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.

Links contained in this email have been replaced by ZixProtect Link Protection. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

11/27/2019 Case: 1:19-cv-02818-DCN Doc #: 1-12 Filed: 12/04/19 5 of 5. PageID #: 86
Dunlap Codding PC Mail - FW: [EXTERNAL]:RE: Terves v. Yueyang Aerospace