IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAGNESIUM MACHINE, LLC, *et al.*, | ) | CASE NO. 1:19 CV 2818 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TERVES LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>FINDINGS OF FACT/</u> |
| | ) | <u>CONCLUSIONS OF LAW</u> |

This matter is before the Court on Plaintiff's oral request, pursuant to Fed. R. Civ. P. 52(a)(2), that the Court provide findings of fact and conclusions of law in support of its December 19, 2019 Order dissolving the previously issued Seizure Order under 18 U.S.C. §1836. (ECF #12, 15). Defendants argue that Fed. R. Civ. P. does not apply to the dissolution of the Seizure Order. Both sides have also offered their own proposed findings and conclusions based on the evidence presented at the seizure hearing on December 19, 2019. (ECF #22, 23). Plaintiffs have also filed a Motion to Reopen Time to File Appeal. (ECF #24).

Fed. R. Civ. P. 52(a)(2) requires courts to state findings of fact and conclusions of law that support a decision to grant or refuse an interlocutory injunction. The Order dissolving the Seizure

Order and requiring the U.S. Marshals to immediately return all seized items is not a decision to grant or refuse an interlocutory injunction within the meaning of Fed. R. Civ. P. 52. Although the original Order did include a 14 day temporary retraining order related to the disclosure and dissemination of alleged trade secrets and preservation of relevant evidence, the evidence at the hearing revealed that Defendants were already in voluntary compliance with those terms at the time the ex parte Order was issued and there was, therefore, no challenge to that portion of the Order. Further, the requirements for the issuance and dissolution of temporary restraining orders are set forth under Fed. R. Civ. P. 65 and there is no question that each of those requirements was met. Finally, pursuant to Rule 65, and the explicit terms of the Order, even if the Seizure Order had not been dissolved, the injunctive relief would have expired on January 4, 2020. Therefore, any challenge related to that portion of the Order would be moot.

Even if Fed. R. Civ. P. 52 did apply, the Court's prior Order sufficiently set forth the Court's findings and conclusions. There is no need to belabor the factual findings, especially when the basis for the Court's ruling is that there is a lack of evidence allowing Plaintiff to meet their burden of proof on a topic. Under Fed. R. Civ. P. 52, a court "need only make brief, definite, pertinent findings and conclusions upon contested matters; there is no necessity for over-elaboration of detail or particularization of facts." Fed. R. Civ. P. 52, Advisory Notes 1946 Amendment.

Nonetheless, because both parties have submitted proposed findings of fact and conclusions of law, and because Plaintiffs have indicated their intent to appeal, the Court will issue the following additional findings of fact and conclusions of law relating to the contested matters addressed and supported by evidence at the December 19, 2109 hearing.

Findings of Fact

1. In a connection with a previously filed Patent case, Terves caused a subpoena to issue from this Court to an Oklahoma company called Bradley Machine and Design, LLC, asking for, among other things, samples of accused product for testing, formula and composition records, and other infringement evidence.

2. Terves caused the subpoena to issue in good faith, in compliance with the law, and as a proper and lawful litigation activity to obtain evidence for the Patent Case.

3. In response to the subpoena, Bradley's agent produced a settlement agreement between Plaintiffs and Bradley ("the Settlement Agreement"). The Settlement Agreement was produced without restriction, and was not marked "Attorney's Eyes Only." Bradley offered no objection nor any mention of any confidentiality restrictions or concerns.

4. Terves' attorneys, upon receiving the Settlement Agreement, shared it with Terves' President, Andy Sherman, by mail.

5. Mr. Sherman shared the discovery response with Steven Barela, a Terves' employee, by email because he was assisting with the patent litigation and related matters.

6. Terves then issued a subpoena to Plaintiffs, who objected on the grounds that Bradley had been obligated to give it 20 days notice before disclosing the settlement agreement "in response to a valid subpoena or discovery request."

7. Upon receiving Plaintiffs' objection both Mr. Sherman and Mr. Barela deleted their copies of the Settlement Agreement and their lawyers designated the Settlement Agreement as "Attorneys Eyes Only" under Local Patent Rule No. 22.

8. There is no evidence that Terves, its agents, or its lawyers have disclosed the Settlement

Agreement or its contents to any other parties not mentioned above.

9. There is no evidence that Terves, its agents, or its attorneys used any information contained in the Settlement Agreement for any purpose other than litigating the Patent case.

10. The seized items included Mr. Sherman's cell phone and laptop which contain his personal and business information, contact information, financial files, production records, personal and professional research, board materials, legal information, U.S. government defense work information, and family photos.

11. If Mr. Sherman continues to be deprived of his laptop and cell phone he will suffer significant harm to his business, as well as an unwarranted invasion of privacy.

Conclusions of Law

1. There is no evidence that Defendants acted improperly when issuing the subpoena that resulted in the disclosure by Bradley of the Settlement Agreement.

2. Defendants were under no contractual or other legal obligation to refrain from obtaining or reviewing the Settlement Agreement.

3. The Defendants did not act improperly when McDonald Hopkins shared the Settlement Agreement, which was presented as non-restricted discovery, to its client, or when the client shared the Agreement with another employee for the purpose of assisting the Patent litigation.

4. Plaintiffs did not meet their burden of proving that (a) Plaintiffs are likely to succeed in showing that Terves misappropriated trade secrets by improper means, or (b) that Defendants conspired to use improper means to misappropriate trade secrets, as would be required under 18 U.S.C. §1836(b)(2) to maintain a Seizure Order.

5. There is no evidence that the Plaintiffs will suffer any harm by the dissolution of the

Seizure Order.

6. The evidence showed that Mr. Sherman will suffer significant harm if the Seizure Order is not dissolved.

The Court also incorporates the findings and conclusions set forth in its Order of December 19, 2019, dissolving the Seizure Order. (ECF #15).

Further, for good cause shown, Plaintiffs shall have fourteen days from the issuance of this Order in which to file any notice of appeal. Plaintiffs' Motion to Reopen Time for Appeal is, therefore, GRANTED. (ECF #24).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATE: March 20, 2020