IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAGNESIUM MACHINE, LLC, *et al.*, | ) | CASE NO.  1:19 CV 2818 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TERVES LLC, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the Court on Terves, LLC's Motion to Dismiss Complaint Under Rule 12(b)(6) (ECF #42, 45), and the Motion to Dismiss on Behalf of McDonald Hopkins.  (ECF #41, 45).  Plaintiffs filed a combined Memorandum in Opposition, and Defendants each filed a Reply in support of their respective motions.  (ECF #47, 50, 54, 56).[1]  The issues are now fully briefed and ready for disposition.

---

[1] The Court granted Defendant, Terves' request to file an unredacted version of its reply brief on July 6, 2020. (ECF #55, 57).  However, the unredacted version does not appear on the docket.

## STANDARD OF REVIEW

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is generally limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account without converting the motion to one for summary judgment.  *See Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016).*

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993). The Complaint must contain "sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1980).  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## FACTUAL AND LEGAL OVERVIEW[2]

The Complaint alleges that Magnesium Machine, LLC ("Magnesium Machine")  has

discovered a proprietary method of selectively degrading downhole tools used in the oil and gas

industry through contact with a salt-based treatment (hereinafter "Salt-based Treatment").

Magnesium Machine claims that it has taken "extraordinary efforts" to maintain the secrecy of this

method, and that it is currently seeking patent protection.  According to the Complaint,

Magnesium Machine has been permitted to submit the patent application without publication.

On July 15, Defendant Terves, LLC ("Terves") filed a patent infringement suit against

Ecometal, Inc., one of Magnesium Machine's suppliers.  During discovery in the Ecometal suit,

Terves' counsel, McDonald Hopkins LLC ("McDonald Hopkins") served a subpoena on third-

party Bradley Machine & Design LLC ("Bradley").  The Complaint does not allege that the

issuance of this subpoena was improper in any way.  The Court has already determined, based on

evidence presented at the seizure hearing, that Terves caused the subpoena to issue in good faith,

in compliance with the law, and as a proper and lawful litigation activity to obtain evidence for the

Ecometal Patent Case.

As part of its response to the subpoena, Bradley's agent produced a settlement agreement

between Magnesium Machine and Bradley ("the Settlement Agreement").  The Complaint alleges

that the Settlement Agreement discloses trade secret products and methods belonging to

---

[2]

   Those facts which are taken from the Complaint should not be construed as findings of this Court.  In a
motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth
by the non-moving party, in this case, the Plaintiff.  However, where the facts in the Complaint contradict
this Court's prior Findings of Fact/Conclusions of Law, issued at the request of the parties,following a
hearing on the dissolution of the Seizure Order, the Court will adopt the findings of fact from its previous
order.

Magnesium Machine.  The alleged disclosure is found on page 6, section 1.6 (Disclaimer of Interests) and is limited to a three word phrase: "-------  ------  patent."  This phrase is identified in the Settlement Agreement as Magnesium Machine's intellectual property, but is not labeled as a "trade secret."

The Settlement Agreement was produced without restriction, and was not marked "Attorney's Eyes Only."  Bradley offered no objection nor any mention of any confidentiality restrictions or concerns, although according to the Complaint, the Settlement Agreement itself was subject to a provision which obligated the parties (Magnesium Machine and Bradley) to keep it confidential except, among other things, "in response to a valid subpoena or discovery request." Plaintiffs do not contest that it was disclosed in response to a valid subpoena.  They do, however, argue that this provision required Bradley to give Magnesium Machine twenty days notice prior to giving the agreement to Terves, in order to allow time for Magnesium Machine to seek a protective order.

Terves' attorneys, upon receiving the Settlement Agreement, shared it with Terves' President, Andy Sherman, by mail.  Mr. Sherman shared the discovery response with Steven Barela, a Terves' employee, by email because he was assisting with the patent litigation and related matters.  After obtaining the Settlement Agreement from Bradley, Terves issued a subpoena to Magnesium Machine, who objected on the grounds that Bradley had been obligated to give it 20 days notice before disclosing the Settlement Agreement.  The evidence presented at the seizure hearing showed that upon receiving this objection, both Mr. Sherman and Mr. Barela deleted their copies of the Settlement Agreement and their lawyers designated the Settlement Agreement as "Attorneys Eyes Only" under Local Patent Rule No. 22.  There is no evidence that

-4-

Terves, its agents, or its lawyers have disclosed the Settlement Agreement or its contents to any party not mentioned above.  There is also no allegation that Terves, its agents, or its attorneys used any information contained in the Settlement Agreement for any purpose other than litigating the Patent case.

The day after the Complaint in this case was filed, Plaintiffs filed an ex parte Motion for Civil Seizure, and a hearing.  (ECF #8, 9).  Based on the representations of Plaintiff's counsel, the Court issued a Seizure Order on December 18, 2019 for materials that could contain the alleged trade secret, and issued a temporary restraining order preventing any further disclosure of the alleged trade secrets.  (ECF #12).  A hearing was set the next day.  Following the presentation of evidence and arguments, the Court found that Plaintiff failed to meet its burden of establishing that a seizure had been warranted.   Defendants now seek to have the Complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

A. Misappropriation

Plaintiff's Complaint must be dismissed because it fails to properly allege misappropriation, an essential element of all three claims.   The Ohio, Oklahoma, and Federal trade secret acts are all modeled after the Uniform Trade Secrets Act, and define "misappropriation" in the same way. *See, ATS Group, LLC v. Legacy Tank & Indus. Services, LLC*, 407 F.Supp.3d 1186, 1200 (W.D. Okl. 2019); *Noco Co. v. CTEK, Inc.*, 1:19 CV 00853, 2020 WL 821485, at *7-8 (N.D. Ohio Feb. 18, 2020).   Misappropriation must be one of three acts: (a) an acquisition by improper means, (b) a disclosure to a third-party, or (c) use of the trade secret.

-5-

The Complaint in this case does not sufficiently allege any of these actions.  Magnesium Machine admits that the alleged trade secret was acquired by legal means, and does not argue that the it was used in any improper way.  Rather, Plaintiff relies wholly on the claim that McDonald Hopkins improperly disclosed the alleged secret to its client when it should have treated it as "Attorney Eyes Only" under the local Patent Rules.  This argument is ineffective as it is based on a misinterpretation of the Patent Rules.

Local Patent Rule 2.2 prohibits an attorney from disclosing materials to his client only if the materials are marked "Attorney's Eyes Only – Subject to Protective Order" by the producing party.  Discovery and disclosures bearing the above designation  "shall be used solely for the purposes of the pending case and shall not be disclosed to any other person."  L.P.R. 2.2.  The Complaint in this case clearly states that the alleged trade secret was produced by Bradley, a non-party, and was NOT marked as "Attorney's Eyes Only."  Therefore, the requirements of L.P.R. 2.2 were not triggered, and McDonald Hopkins' communication to its clients was not improper under the rules.  As the Complaint provides no other plausible basis for a finding that the alleged trade secrets were misappropriated, the case must be dismissed.

B. <u>Litigation Privilege</u>

Both McDonald Hopkins, and Terves argue that Plaintiff's claims also fail because their actions were protected by litigation privilege.  The Complaint essentially alleges that the Defendants should be held liable because they obtained discoverable, albeit potentially confidential, information by way of a legally issued subpoena.  Plaintiff is upset because the Defendants did not abide by a confidentiality provision in an agreement that they were neither a party to, nor otherwise bound by.  Further, Plaintiffs allege no facts to support a claim that the

-6-

information was disseminated beyond the attorneys who issued the subpoena and the client they represented; and, there is no dispute that the information was contained and categorized as "attorney's eyes only" after Plaintiff requested that the information be protected.

In Ohio, litigation privilege "operates to protect both the actions and statements made in the course of a judicial proceeding that 'bears some relation to the judicial proceeding in which it appears.'" *Reister v. Gardner*, 2019–Ohio–4720, — N.E. 3d —, ¶ 24, 2019 WL 6115151 (12th Dist.)(quoting *Surace v. Wuliger*, 25 Ohio St.3d 229, 233, 495 N.E.2d 939 (1986)). Litigation conduct requires protection so that participants are "free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." Id. ¶ 25.

Oklahoma has also recognized a litigation privilege. *See, e.g., Kirschstein v. Haynes*, 778 P.2d 941, 945 (Okla. 1990)(overruled on other grounds); *Cooper v. Parker-Hughey*, 894 P.2d 1096, 1098 (Okla. 1995). "Oklahoma has afforded participants in judicial proceedings an absolute immunity against later civil suits grounded in litigation conduct." *Knight v. Mooring Capital Fund, LLC*, 749 F.2d 1180, 1185 (10th Cir. 2014). The Oklahoma Supreme Court has held that "no civil remedy is available for litigation-related misconduct." *See Patel v. OMH Med. Center, Inc.*, 987 P.2d 1185, 1201-03 (Okl. 1999).

Federal Courts have also recognized litigation privilege as a bar to some federal causes of action, especially when the actions at issue implicate an attorney's ability to advocate and conduct discovery on behalf of their clients. *See, Steffes v. Stepcan Co.*, 144 F.3d 1070 (7th Cir. 1998); *Auriemma v. Montgomery,* 860 F.2d 273, 278 (7th Cir. 1988); *Rosania v. Taco Bell of America*, 303 F. Supp.2d 878 (N.D. Ohio 2004); *Prakash v. Altadis U.S.A. Inc.*, 2012 WL 1109918 *10

-7-

(N.D. Ohio March 30, 2012).

In this case, Terves' attorney acted wholly within the scope of his representation, and in furtherance of his client's interests in a pending litigation.  The Court heard evidence on the circumstances leading up to the receipt of the allegedly secret information, and in the handling of that information after it was produced.  Plaintiffs presented no evidence whatsoever that would indicate any impropriety in the receipt of the information or in the attorney's communication of that information to his clients.  There is no allegation that the subpoena issued by McDonald Hopkins was in any way improper, or that the information received was not relevant to or otherwise discoverable in the Ecometal litigation.  There is also an express acknowledgment that the information was presented through proper litigation procedures without any designation of confidentiality by the producing party.  Finally, there is also no allegation that the information obtained was used for any purpose other than to advance the Ecometal litigation.

All three causes of action, under Ohio, Oklahoma, and Federal law, are subject to a litigation privilege.  Plaintiff's entire argument on the essential element of misappropriation is that McDonald Hopkins failed to follow the Local Patent Rules in its handling of properly obtained information.  Even if that were the case, there is no support in any of the case law cited that would permit a civil lawsuit against an attorney and his client merely for allegedly violating a local rule of procedure.  The privilege recognizes, in part, that "judges are better able to supervise litigation tactics that proceed through the vehicle of federal discovery rules." *Steffes*, 144 F.3d at 1076. There could not be a clearer example of why the litigation privilege exists, and why it should be applied in this case.

### CONCLUSION

For the reasons set forth above, the Court finds that Terves, LLC's Motion to Dismiss Complaint Under Rule 12(b)(6) (ECF #42, 45), and the Motion to Dismiss on Behalf of McDonald Hopkins. (ECF #41, 45), should be GRANTED.  This case is dismissed with prejudice.  Costs to be paid by the Plaintiff.

IT IS SO ORDERED.


DONALD C. NUGENT
Senior United States District Judge


DATE: July 14, 2020