# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Magnesium Machine, LLC et al., | Case No. 1:19-cv-2818 |
| Plaintiffs, | |
| | Judge Donald C. Nugent |
| vs. | |
| Terves, LLC et al., | |
| Defendants. | |

## Terves, LLC's Brief on Amount of Attorneys' Fees

### I. Introduction

On September 9, 2020, this Court granted defendant Terves, LLC's fee motion, ordered plaintiffs Magnesium Machine, LLC et al. (collectively, "MMP") and their counsel jointly and severally liable for Terves' fees, and ordered Terves to submit proof of the value of the fees incurred within 14 days. (Order, ECF #66.) Terves now provides proof of its fees of $92,111. The total fees sought are as follows:

| *Total Fees Sought* | | | | |
|---|---|---|---|---|
| *Attorney* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 182.2 | $ 475 | $ 86,545 |
| David Cupar | Member | 4.3 | $ 570 | $ 2,451 |
| Andrew Gordon-Seifert | Associate | 8.9 | $ 350 | $ 3,115 |
| | TOTAL | 195.4 | $471.36 | $ 92,111 |

(Cavanagh Decl. ¶ 6.)[1]

---

[1] The Declaration of Matthew J. Cavanagh ("Cavanagh Decl.") supporting the fee amounts is attached.

{9118787: }

## II. Courts use the lodestar method to determine reasonable fees.

The Supreme Court instructs courts to calculate reasonable attorneys' fees using the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Under this methodology, "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). There is a "strong presumption" that the figure so calculated represents a reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, *supplemented*, 483 U.S. 711 (1987) ("*Delaware Valley II*").

In determining the number of hours reasonably expended, courts look to whether "the hours expended were reasonably tailored to prevailing" in the particular case, taking into account the length and complexity of the litigation. *See, e.g., HeadBlade, Inc. v. Prod. Unlimited, LLC*, No. CV1502611SJOVBKX, 2016 WL 6237902, at *3–4 (C.D. Cal. May 23, 2016); *Saad v. GE HFS Holdings, Inc.*, 366 F. App'x 593, 607–08 (6th Cir. 2010) (upholding fee award of $1,085,458.13 under prevailing-party clause where "time spent on this matter was 'reasonably expended, especially in light of the complicated and protracted nature of the case'" that had gone on for nearly six years).

In determining a reasonable hourly rate, courts consider the attorneys' regular hourly rates as well as the prevailing community rate for similar work. *See, e.g., H.J. Inc. V. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). The burden is on the party seeking attorney's fees to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience, and reputation. *Blum*, 465 U.S. at 895 n.11. A rate determined in this way is normally deemed to be reasonable and is referred to as the prevailing market rate. *Id.*

Here, because the number of hours expended and the rates charged by Terves' attorneys were reasonable, there is a strong presumption that the resulting fees are reasonable as well. *Id.* at 897 (holding that when "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee"); *see also Delaware Valley II*, 478 U.S. at 565 (stating that there is a "*strong presumption* that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee" (emphasis added)).

Here, it is further reasonable that Terves' attorney Matthew J. Cavanagh performed the majority of the legal work because he was the attorney improperly accused of trade secret misappropriation by MMP. Thus, he was the attorney most familiar with the facts and law, and it was more efficient to have him perform the work, rather than have another attorney: (a) charge additional time to learn the facts and law from attorney Cavanagh, and (b) not provide as compelling a defense as one intimately involved with the transactions and occurrences at issue.

**III. The number of hours expended by Terves' attorneys was reasonable.**

Between December 2019 and September 2020, Terves' attorneys billed 195.4 hours on defending against the ex parte seizure order, litigating over the Court's Findings and Conclusions dissolving the seizure order (after MMP demanded a more detailed ruling),

addressing MMP's demands that certain documents be filed under seal, moving to dismiss MMP's untimely appeal of the Court's interlocutory order dissolving the seizure order, and moving for an award of attorneys' fees. (Cavanagh Decl. ¶ 6.)

As proof of fees incurred and the reasonableness of them, Terves has attached to this brief the affidavit of Matthew J. Cavanagh, McDonald Hopkins' monthly invoices issued to Terves (Ex. A), and excerpts from a fee survey referred to below as the "AIPLA Report" (Ex. B). As to the invoices, Terves redacted in black those time entries for which it does not seek recovery. Most of those time entries relate to Terves' patent infringement lawsuit against MMP's supplier, Ecometal Inc. McDonald Hopkins billed Terves for both cases under the same matter number in the same invoices. Where a time entry on a particular date includes tasks related to the trade secret case and to the patent case, Terves blacked-out the portion related to the patent case, crossed-out the total time charged for that entry, and typed the amount attributable to the trade secret case below the crossed-out amounts. Terves redacted in red a handful of entries that related to the trade secret case but contain privileged work-product or attorney-client communications. (Cavanagh Decl. ¶¶ 16-18.)

For the Court's reference, the Cavanagh Declaration also provides, in Paragraph 19, a line item summary table that identifies the date, attorney, task, hour(s) billed, rate, total charged, and phase of case (e.g., "Motion to Dismiss") to which the entry relates.

The tables below summarize the work done by Terves' attorneys for each phase of the case.

| *Ex Parte Seizure Order* | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 16.3 | $ 475 | $ 7,742.50 |

(Cavanagh Decl. ¶ 19; *see also* Ex. A (MH invoices).) The Ex Parte Seizure Order work includes the following work necessary to litigate the case:

- Review and analyze MMP's motion for ex parte seizure order and the seizure order itself.

- Perform legal research to identify and develop defenses against seizure order.

- Prepare arguments and witness examinations for ex parte seizure hearing.

- Attend ex parte seizure hearing.

(*See* Cavanagh Decl. ¶ 20; *see also* Ex. A (MH invoices).)

| *Motion to Dismiss* | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 67.8 | $ 475 | $ 32,205.00 |
| David Cupar | Member | 3.2 | $ 570 | $ 1,824.00 |
| Andrew Gordon-Seifert | Associate | 8.9 | $ 350 | $ 3,115.00 |
| | TOTAL | 79.9 | $ 465 | $ 37,144.00 |

(Cavanagh Decl. ¶ 19; *see also* Ex. A (MH invoices).) The Motion to Dismiss work includes the following work necessary to litigate the case:

- Review and analyze MMP's complaint.

- Perform legal research regarding the litigation privilege.

- Perform legal research to support arguments seeking dismissal for failure to allege a "misappropriation" and for failure to identify a plausible trade secret.

- Draft motion to dismiss and memorandum in support.

- Review and analyze MMP's opposition to motion to dismiss.

- Read and distinguish caselaw cited in MMP's opposition brief.

- Draft reply brief in support of motion to dismiss.

(Cavanagh Decl. ¶ 21; *see also* Ex. A (MH invoices).)

| *Findings/Conclusions and Sealing Issues* | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 26.9 | $ 475 | $ 12,777.50 |
| David Cupar | Member | 1.1 | $ 570 | $ 627 |
| | TOTAL | 28.0 | $ 479 | $ 13,404.50 |

(Cavanagh Decl. ¶ 19; *see also* Ex. A (MH invoices).) The Findings/Conclusions and Sealing Issues work includes the following work necessary to litigate the case:

- Analyze MMP's argument that the Court must issue more detailed findings and conclusions dissolving the seizure order in order for MMP to appeal.

- Analyze and respond to MMP's various arguments and demands with respect to sealing of certain documents and portions of documents on the public record.

- Review MMP's proposed findings and conclusions.

- Review transcript, complaint, hearing exhibit, and other documents to prepare proposed findings and conclusions.

- Draft proposed findings and conclusions.

(Cavanagh Decl. ¶ 22; *see also* Ex. A (MH invoices).)

| *Motion to Dismiss Appeal* | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 30.6 | $ 475 | $ 14,535.00 |

(Cavanagh Decl. ¶ 19; *see also* Ex. A (MH invoices).) The Motion to Dismiss Appeal work includes the following work necessary to litigate the case:

- Review MMP's notice of appeal.

- Perform legal research regarding the appealability of interlocutory orders dissolving seizure orders.

- Draft mediation statement to Sixth Circuit.

- Attend mediation before Sixth Circuit.

- Draft motion to dismiss appeal.

- Review and analyze MMP's opposition to motion to dismiss.

- Read and distinguish caselaw cited in MMP's opposition brief.

- Draft reply brief in support of motion to dismiss appeal.

(Cavanagh Decl. ¶ 23; *see also* Ex. A (MH invoices).)

The attorneys' fees incurred by Terves to fight the premature appeal while the district court case proceeded are recoverable. *See Medison Am., Inc. v. Preferred Med. Sys., LLC*, No. 2:05-02390-DKV, 2010 WL 11601462, at *4 (W.D. Tenn. Nov. 12, 2010) (awarding fees incurred at district court and on appeal); *Tyson v. Sterling Rental, Inc.*, No. 13-cv-13490, 2019 WL 3554713, at *4-5 (E.D. Mich. Apr. 17, 2019) (awarding fees incurred on appeal under fee-shifting statute). Because MMP brought a frivolous lawsuit in bad faith, its appeal of the adverse rulings against it are frivolous, bad faith, and a continuation of

{9118787: }  7

its fee-worthy litigation abuse, especially when MMP appealed a non-appealable interlocutory order.

| Fee Motion | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 40.6 | $ 475 | $ 19,285.00 |

(Cavanagh Decl. ¶ 19; *see also* Ex. A (MH invoices).) The <u>Fee Motion</u> work includes the following work necessary to litigate the case:

- Perform legal research regarding legal standards for obtaining fee award under trade secret acts and 28 USC § 1927.

- Review prior filings and case record to identify factual basis for fee motion.

- Draft motion for fee award.

- Review and analyze MMP's opposition to motion for fee award.

- Draft reply brief in support of motion for fee award.

- Review Court's order awarding fees.

- Draft brief on amount of fees to award.

(Cavanagh Decl. ¶ 24; *see also* Ex. A (MH invoices).)

Courts may include in an attorney fee award the fees incurred in moving for fees. *Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir. 1979); *Tyson*, 2019 WL 3554713, at *4 ("Additionally, cases from this circuit and others uniformly hold that a lawyer should receive a fee for preparing an successfully litigating a request for attorney's fees pursuant to a fee-shifting statute.") (citing cases).

{9118787: } 8

These non-exhaustive lists includes just some examples of the work that Terves' counsel performed. The list is not meant to be exhaustive. More detailed task descriptions can be found in the McDonald Hopkins' invoices that are attached as Ex. A.

The following table summarizes the fees sought for each phase of the case:

| Phase | Hours | Avg. Rate | Total |
|---|---|---|---|
| Ex Parte Seizure Order | 16.3 | $ 475 | $ 7,742.50 |
| Motion to Dismiss | 79.9 | $ 465 | $ 37,144.00 |
| Findings/Conclusions and Sealing Issues | 28.0 | $ 479 | $ 13,404.50 |
| Motion to Dismiss Appeal | 30.6 | $ 475 | $ 14,535.00 |
| Fee Motion | 40.6 | $ 475 | $ 19,285.00 |
| TOTAL | 195.4 | $471.36 | $ 92,111.00 |

IV. **Terves' attorneys' hourly rates were reasonable.**

The billing rates charged and the legal fees incurred by Terves are reasonable and customary for the experience level, qualifications, and skill of the professional that performed the work, the type of legal work performed, and the geographic area. This is confirmed by comparing the rates reported in the AIPLA[2] 2019 Report of the Economic Survey (the "AIPLA Report") with the Terves' attorneys' hourly rates. (*See* Ex. B.)

The Law Practice Management Committee of AIPLA conducts an economic survey and publishes a report every other year examining the economic aspects of intellectual property law practice, including individual billing rates and typical charges for certain intellectual property legal services. (Cavanagh Decl. ¶ 12.) The Court of Appeals for the Federal Circuit and other courts have relied upon the AIPLA Economic Survey—which provides billing rates for intellectual property attorneys based on their degree of experience—to gauge the reasonableness of attorneys' fees incurred in litigation. *See View*

---

[2] AIPLA is an initialism for the American Intellectual Property Law Association (www.AIPLA.org).

{9118787: }                                                     9

*Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 987–88 (Fed. Cir. 2000) (approving lodestar calculation by a trial court using AIPLA survey); *Mathis v. Spears*, 857 F.2d 749, 755–56 (Fed. Cir. 1988) (district court's conclusion that billing rates "generally corresponded to those presented in the [AIPLA] surveys and were [thus] reasonable in view of those surveys" was, "as the law makes clear," appropriate); *Intamin, Ltd. v. Magnetar Technologies Corp.*, 2009 WL 5215393, at *1 (C.D. Cal. Dec. 28, 2009) (reasonableness of billing rates can be guided by "surveys" of "patent-lawyer billing rates" in the relevant geographic area, such as "Los Angeles rates for a case tried in Los Angeles"); *Jepson, Inc. v. Makita USA, Inc.*, 1994 WL 543226, at *11 (C.D. Cal. May 27, 1994) (such surveys are perhaps "the best way" to determine the reasonableness of billing rates); *Marctec, LLC v. Johnson & Johnson*, 2010 WL 680490, at *11 (S.D. Ill. Feb.23, 2010), *aff'd*, 664 F.3d 907 (Fed. Cir. 2012) (weighing reasonableness of attorneys' fees against those reported in AIPLA survey); *Bendix Commercial Vehicle, Sys., LLC v. Haldex Brake Prods. Corp.*, 2011 WL 871413, at *3 (N.D. Ohio Mar. 1, 2011) (amount of attorneys' fees sought by plaintiffs not "out of line" with those reflected in AIPLA survey and therefore were appropriate); *Swapalease, Inc. v. Sublease Exchange.com, Inc.*, 2009 WL 1119591, at *5 (S.D. Ohio Apr. 27, 2009) (employing AIPLA survey to ascertain reasonable rates).

The AIPLA Report provides data on billing rates broken out by years of practice as well as by geographic location. (*See* Ex. B.) Ohio falls under the "Other Central" geographic region for purposes of evaluating the data. (*Id*. at 7.) All of the attorneys working on this case are in Cleveland, Ohio. As explained below, all of the attorneys'

billing rates fall within the ranges reported by AIPLA and are thus reasonable and customary for the type of legal work performed and the geographic area.

David Cupar billed his time on this matter at an average rate of $570 per hour. (Cavanagh Decl. ¶ 14; *see also* Ex. A (MH invoices).) Mr. Cupar is a 1999 graduate of the Case Western Reserve University School of Law. (Cavanagh Decl. ¶ 14.) He is a registered patent attorney, an intellectual property litigator, member at McDonald Hopkins, and chair of the firm's Intellectual Property Department. (*Id.*) According to the AIPLA Report, the average hourly billing rate in 2018 for a private firm partner in Other Central (which encompasses Ohio) ranges from $283–$646/hour (10–90% percentiles). (Ex. B at I-29.) The average hourly billing rate in 2018 for a private firm partner with 15–24 years of experience is $325-$750/hour (10-90% percentiles). (*Id.*) Mr. Cupar's billing rate of $570 per hour falls within these ranges and is therefore reasonable.

Matthew Cavanagh billed his services in this action at an average rate of $475 per hour. (Cavanagh Decl. ¶ 13; *see also* Ex. A. (MH Invoices).) Mr. Cavanagh is a 2005 graduate of the Case Western Reserve University School of Law. (Cavanagh Decl. ¶¶ 7-10, 13.) He is a registered patent attorney, litigator, and member in the Cleveland office of McDonald Hopkins. (*Id.*) According to the AIPLA Report, the average hourly billing rate in 2018 for a private firm partner in Other Central (which encompasses Ohio) ranges from $283–$646/hour (10–90% percentiles). (Ex. B at I-29.) The average hourly billing rate in 2018 for a private firm partner with 10-14 years of experience is $280-$668/hour (10-90% percentiles). (*Id.*) Mr. Cavanagh's billing rate of $475 per hour falls within both ranges and is therefore reasonable.

Andrew Gordon-Seifert also represents Terves in this matter. Mr. Gordon-Seifert billed his services in this action at an average rate of $350 per hour. (Cavanagh Decl. ¶ 15; *see also* Ex. A (MH invoices).) Mr. Gordon-Seifert graduated from the Ohio State University in 2014 and is an associate and intellectual property litigator in the Cleveland office of McDonald Hopkins. (Cavanagh Decl. ¶ 15.) Mr. Gordon-Seifert's rate falls within the range of average hourly billing rates reported in the AIPLA Report for 2018 for a private firm, partner-track attorney with 5-6 years of experience: $252-$719/hour (10-90% percentiles). (Ex. B at I-42.) It also falls within the range of average hourly billing rates reported in 2018 for a private firm, partner-track attorney with fewer than 5 years of intellectual property law experience: $222–$575/hour (10-90% percentiles). (Ex. B at I-42.) Thus, Mr. Gordon-Seifert's rate for this matter was reasonable.

As an additional reasonableness check, Terves' attorneys' fees for the entire case are $92,111. (Cavanagh Decl ¶ 6.) According to the AIPLA Report, the legal fees incurred in trade secret cases by the respondents to the survey, prior to pretrial, and for a law firm with more than 60 attorneys are between $150,000 and $625,000 (10-90% percentiles). (Ex. B at I-216.) Because Terves' total fees are less than that range, this further proves their reasonableness.

V. **Conclusion**

Terves asks that the Court award $92,111 against MMP and Dunlap Codding, P.C., jointly and severally.

                                                                     Respectfully submitted,

Dated:  September 23, 2020                  _s/ Matthew J. Cavanagh_
                                                    David B. Cupar (OH 0071622)
                                                    Matthew J. Cavanagh (OH 0079522)
                                                    McDonald Hopkins LLC
                                                    600 Superior Avenue, East, Ste. 2100
                                                    Cleveland, Ohio 44114
                                                    t 216.348.5400 | f 216.348.5474
                                                    dcupar@mcdonaldhopkins.com
                                                    mcavanagh@mcdonaldhopkins.com

                                                   *Counsel for Terves LLC*

<u>L.R. 7.1(f) Certification</u>

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 20 pages.

   s/ Matthew J. Cavanagh
*Counsel for Terves LLC*

{9118787: }