IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAGNESIUM MACHINE, LLC, an Oklahoma limited liability company; MAGNESIUM HOLDINGS, LLC, an Oklahoma limited liability company; and PARAMOUNT DESIGN, LLC, an Oklahoma limited liability company, | ) ) ) ) ) ) | Case No. 1:19-cv-2818 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| TERVES LLC, a Nevada limited liability company; and MCDONALD HOPKINS LLC, an Ohio limited liability company, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' OPPOSITION TO
## TERVES LLC'S BRIEF ON AMOUNT OF ATTORNEY FEES

Terves LLC's Brief re: Amount of Attorney's Fees [Dkt. No. 68] unreasonably attempts to recover amounts incurred by Terves for work unrelated and unnecessary to the case, given its issues and procedural posture; items on which Terves was unsuccessful in district court or on appeal; and items for which Terves's attorneys expended an unreasonable amount of time. Moreover, Terves's support for the claimed fee amount is inadequate, as Terves's attorney's block billed all of their time expended on this case, which they also commingled with the fees incurred on Terves's co-pending patent infringement. As a result, Terves grossly overstates the amount it seeks to recover, i.e. $92,111. While Plaintiffs maintain their position that any award of any attorney's fees to Terves in this case is improper (and have already appealed this Court's decision awarding fees), Plaintiffs address Terves's overstated fee request herein below.

1

# ARGUMENT AND AUTHORITIES

For the purposes of this briefing, Plaintiffs accept that the submitted rates for Terves's attorneys, Messrs. Cupar ($570/hour), Cavanagh ($475/hour), and Gordon-Seifert ($350/hour), are reasonable. However, the amounts and items submitted by Terves are unreasonable and should be drastically reduced for the following reasons:

**A.   Terves's Attorneys' Block Billing Prevents this Court from Ascertaining Whether the Fees Terves Seeks are Reasonable**

Terves's attorneys "block bill" all of their time entries, meaning they combine all time billed for a single matter on a particular day, as opposed to separating out each discrete task. For example, Terves seeks to recover $2,850 for the following work billed by Mr. Cavanagh on January 17, 2020:

```
01/17/20   PERFORM LEGAL RESEARCH TO FIND CASELAW WHERE COURT
           DISMISSED TRADE SECRET COMPLAINT BASED ON TRADE
           SECRET ALLEGATION THAT IS NOT PLAUSIBLE; PERFORM
           LEGAL RESEARCH TO CONFIRM THAT MOTION TO DISMISS CAN
           RELY ON PATENTS AND PUBLICLY-AVAILABLE RECORDS AS
           EVIDENCE THAT TRADE SECRET ALLEGED BY MMP IS KNOWN IN
           PRIOR ART; PERFORM LEGAL RESEARCH TO FIND CASES IN
           WHICH "PROTECTIVE ORDER" WAS DEEMED ADEQUATE TO
           PROTECT AGAINST TRADE SECRETS OBTAINED IN DISCOVERY;
           PERFORM LEGAL RESEARCH TO EVALUATE WHETHER
           "LITIGATION PRIVILEGE" IS VIABLE GROUND ON WHICH TO
           SEEK DISMISSAL OF TRADE SECRET COMPLAINT; REVIEW
           "STORK-WERKSPOOR DIESEL" CASE BY FIFTH CIRCUIT
           REGARDING INAPPLICABILITY OF "TRADE SECRET ACT" TO
           EVIDENCE OBTAINED IN DISCOVERY.
           MATTHEW J. CAVANAGH          6.00 hours at    475.00/hr    2,850.00
```

[Dkt. No. 68-2, p. 17]. Just based on the number of semicolons and periods in that entry, there are at least five discrete activities listed together that should have been billed separately. This "block billing" inadequacy is pervasive throughout the invoices and time entries Terves submitted in support of its requested amount of attorney's fees. [*See, e.g. id.* at pp. 14, 19, 28, 31, 33–35, 39–42, 47, 48, 66, 67, 73, 74, 84, 86, 87, 90, 95, 96, 99, and 107]. This is particularly troubling here

because many of Terves's attorneys' time entries contain items that should not be included in the Court's fee award, addressed *infra*, leaving the Court with no way to determine how much time is attributable to awardable versus non-awardable time.

Terves's counsel's daily block billing is also problematic because, as Terves notes in its brief, its attorneys billed time for this trade secret litigation under the same billing matter its attorneys use to bill time for Terves's patent infringement litigation against Ecometal *et al*. As a result, Terves's attorneys had to try to retroactively separate out the amount of time reflected in the daily block billing for tasks associated with the patent infringement matter (which tasks Terves has redacted from the invoices). Terves's attorneys also redacted out allegedly privileged entries, even though they provided no support for their bald claims that those entries are actually privileged, such as a privilege log. Instead Terves tacitly asks the Court to take its attorneys' word that their present recollection (in September 2020) of their time distribution for multiple tasks listed in daily block billing entries going back to December 23, 2019 is reliable without support or documentation for doing so. Two particular entries underscore why the Court's reliance on such revisionist history would be misplaced:





[Dkt. No. 68-2, pp. 98–99]. In the July 23, 2020 entry, Terves's attorneys completely redact six out of eight lines of the entry (75%), yet only reduce the entry for that day from $3,895.00 to $2,850.00, which is a little more than a 25% reduction. Such a reduction very well may be justified, but Terves failed to present any support for why it would be reasonable for the Court to make that reduction. Similarly, on July 27, 2020, Terves redacted four and a half out of six lines (75%), but only reduced the amount sought from $2,755 to $2,375, which is less than a 15% reduction, again without providing any support whatsoever. As with the primary block billing issue noted above, this redaction issue appears throughout the invoices submitted by Terves. (*See, e.g.* Dkt. No. 68-2 at pp. 8, 14, 19, 26, 28, 31–36, 38–41, 47, 48, 64, 68, 72–74, 84, 90, 95, 96, 98, 99, and 107). The block billing issues in Terves's counsel's invoices infect time entries encompassing well over half of the total amount of fees sought to be recovered.

While the practice of block billing does not automatically require a reduction in a fee award, "[c]ourts unquestionably have authority to downwardly adjust fee claims because of block billing and vague entries." *Mohn v. Geoffrey Goll, Esq.*, No. 4:15-CV-0476, 2016 WL 1258578, *4 (N.D. Ohio March 31, 2016) (quoting *Oakley v. City of Memphis*, No. 06-2276 A/P, 2012 WL 2682755, *3 (W.D. Tenn. June 14, 2012). Courts in the Sixth Circuit routinely apply across-the-board reductions to fee awards when faced with inadequate billing records. *Sykes v. Anderson*, 419 F. App'x 615, 618 (6th Cir. 2011). *See also Saint-Gobain Autover USA, Inc. v. Xinyi Glass N.Am., Inc.*, 707 F. Supp.2d 737, 763 (N.D. Ohio 2010) (applying a 50% reduction in the requested fees

for inadequate billing documentation, including block billing). Given that the block billing problem infects well over half of the total fees Terves seeks to recover, it would not be unreasonable for the Court to reduce any attorney's fee award to Terves by at least 50% of the amount requested.

**B.     The Court Should Additionally Reduce Terves's Requested Fees Award Because It Includes Amounts not Related or Necessary to this Litigation, Particularly Given the Stage of the Proceedings**

Terves attempts to recover fees it incurred in connection with work that was unnecessary; unrelated to the litigation, given that it was dismissed pursuant to a 12(b)(6) motion; and/or upon which Terves did not ultimately prevail.

**(1) Unreasonable Time Related to Researching and Challenging Existence of Trade Secret**

Terves seeks to recover at least $5,600 for attempting to address whether "dissolvable salt" is a trade secret. Time dedicated to that task purportedly breaks down as follows:

| **Timekeeper** | **Date** | **Hours** | **Amount** |
|---|---|---|---|
| Cupar | 1/7/2020 | 2.2 | $1,254.00 |
| Cavanagh | 1/7/2020 | 2.0 | $950.00 |
| Cupar | 1/8/2020 | 1.0 | $570.00 |
| Cavanagh | 1/17/2020 | 6.0 | $2,850.00 |
| **TOTALS** | | **11.2** | **$5,624.00** |

[Dkt. No. 68-2, at p. 14–17]. One exemplar entry demonstrates why the Court should not allow recovery for time spent by Terves's attorneys on this task:

```
01/07/20   REVIEW AND ANALYSIS RE WHETHER CERTAIN DISSOLVABLE
           SALT IS NOT A TRADE SECRET. ANALYSIS OF PATENTS
           DISCLOSING SAID SALT PUBLICALLY. CORRESPONDENCE WITH
           TERVES RE PUBLICLY AVAILABLE FIDNINGS. STRATEGY RE
           SUIT AND THE SUBPOENAS.
           DAVID B CUPAR              2.20 hours at    570.00/hr   1,254.00
```

*Id.* at p. 14. These amounts should not be included in any attorney's fees award because is it impermissible for the Court to consider matters outside of the pleadings—such as the publicly available patents apparently analyzed by Mr. Cupar—on a 12(b)(6) motion to dismiss, which, of course, is how this Court disposed of the present case. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (stating a court "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment") (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Additionally, whether information constitutes a trade secret is "ordinarily 'a question of fact to be determined by the trier of fact upon the greater weight of the evidence.'" *Pay(q)r, LLC v. Sibble*, No. 5:15-cv-1038, 2015 WL 9583034, *9 (N.D. Ohio Dec. 31, 2015) (citing *DeBoer Structures (U.S.A.) Inc. v. Shaffer Tent and Awning Co.*, 233 F. Supp.2d 934, 948 (S.D. Ohio 2002)). Therefore, it is practically impossible for a court to dismiss a trade secret complaint under Fed. R. Civ. P. 12(b)(6) based on a defendant raising purported third-party public use of similar science. Accordingly, it would be improper for the Court to include in any attorney's award any amount incurred researching and challenging the existence of the alleged trade secret at the motion to dismiss stage, at which this case was disposed.

**(2) Unreasonable Work on Proposed Finding of Facts and Conclusions of Law**

Terves seeks to recover $13,404.50 for 28.0 hours of work its attorneys purportedly spent on "Findings/Conclusions and Sealing Issues." [Dkt. No. 68, p. 6]. Plaintiffs submit that amount

is excessive for the seven-page Proposed Findings of Facts and Conclusions of Law ultimately submitted by Terves to the Court. [Dkt. No. 23]. Moreover, not only did Plaintiffs' counsel prepare an initial draft of Proposed Findings of Fact and Conclusions of Law (*see* Exhibit 1 hereto), Plaintiffs spent approximately half the time Terves's attorneys now claim it took them to prepare and submit Proposed Findings of Facts and Conclusions of Law. [Dkt. Nos. 22 and 22-1; s*ee also* invoices attached hereto as Exhibit 2]. Therefore, Plaintiffs request that any amount awarded to Terves for work on Proposed Findings of Fact, Conclusions of Law, and Sealing Issues be further reduced by at least 50% of the $13,404.50 Terves requests.

**(3) Unrelated and Unreasonable Time Spent on Motion to Dismiss Appeal**

Terves seeks to recover $14,535.00 for 30.6 hours of work its attorneys spent directed to moving to dismiss Plaintiffs' Sixth Circuit appeal of the Court's dissolution of the *ex parte* seizure order and denying further injunctive relief. [Dkt. No. 68, p. 7]. Terves cites to two cases to purportedly support its recovery of fees incurred on appeal. *Id.* at pp. 7–8. In both of those cases, however, unlike the present case, the Sixth Circuit had already made its final determination of the issues on appeal and had remanded to the district court. *See Medison Am., Inc. v. Preferred Med. Sys.* LC, No. 2:05-02390-DKV, 2010 WL 11601462, at *1–2 (W.D. Tenn. Nov. 12, 2010); and *Tyson v. Sterling Rental, Inc.*, No. 13-cv-13490, 2019 WL 3554713, at *3 (E.D. Mich. Apr. 17, 2019). Not only is Plaintiffs' appeal of this Court's order dismissing their claims with prejudice still pending, but the appeal in which Terves seeks fees for drafting a motion to dismiss was only dismissed *as being moot* after this Court's dismissal of the complaint and Plaintiffs subsequent appeal thereof. Thus, Terves is not the "prevailing party" in the appeal and, therefore, is not entitled to its appeal-related fees. *See Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 450 (6th

Cir. 2009). Thus, this Court should reduce any award of attorney's fees to Terves by at least $14,535.00.

### (4) Unreasonable Fees Related to Unsuccessful Motion to Stay Proceedings Pending Appeal

Even though Terves's brief makes no mention of the parties' unsuccessful joint motion to stay proceedings pending appeal [Dkt. No. 36][1], the chart in Mr. Cavanagh's declaration [Dkt. No. 68-1] includes $1,738.50 that Terves seeks to recover for the motion to stay. Because that motion was unsuccessful, Terves is not entitled to those fees. *Hughes v. McCarthy*, No. 5:10-CV-1781, 2015 WL 13706928, at *4 (N.D. Ohio Sept. 30, 2015). Thus, this Court should reduce any award of attorney's fees to Terves by at least $1,738.50.

### (5) Unreasonable Time Spent on Attorney's Fees Motion

Terves seeks to recover $19,285.00 for 40.6 hours of work its attorneys spent directed to its attorney's fees motion. [Dkt. No. 68, p. 8]. While it is permissible for the Court to include in an attorney's fees award the fees incurred in moving for fees, the amount of fees must still be reasonable. *See Moxley v. Comm. of Social Security*, No. 1:15-cv-1533, 2016 WL 5922382, at *4 (N.D. Ohio Sept. 7, 2016). Here, Terves's motion for attorney's fees was not overly complicated. The case was dismissed at the pleading stage. There were very minimal docket entries, no discovery documents, and no deposition transcripts to sift through when putting together the motion. The brief, itself, is less than 15 pages with about 20% of brief constituting a recitation of the facts substantially similar to the recitation of facts that Terves presented in previous filings. *Compare* Dkt. No. 62-1, pp. 3–6 to Dkt. No. 46, pp. 1–5. Moreover, although Terves's brief and

---

[1] There's no better evidence that Plaintiffs' motives in bringing this action were not to financially drain and distract Terves than their agreement to stay this case pending appeal. Unfortunately, the Court was unwilling to stay the case, which was well within the Court's discretion.

Mr. Cavanagh's supporting declaration fail to mention it, Terves's counsel also incurred fees (purportedly $1,425.00) researching and including in their fees motion a previous lawsuit and bankruptcy proceeding involving one of MMP's principals, even though those issues had absolutely nothing to do with Plaintiffs or this litigation, let alone the bases on which Terves sought fees. *See* Dkt. No. 62-1, pp. 11–12 and Dkt. No. 68-2 at p. 48.

Simply, there was nothing overly complicated about Terves's fees motion: it was 15 pages, included recycled blurbs from previous briefs and completely irrelevant material. Yet, Terves would have this Court award it nearly $20,000, i.e. over 20% of the total fees sought, for preparing that attorney's fees motion. Thus, the amount of time Terves spent on its attorney's fees motion is unreasonable, and any fee award to Terves should be reduced accordingly.

C. **Terves's AIPLA "Reasonableness Check" Does Not Support that the Fees it Seeks are Reasonable**

Terves cites to the 2019 version of the AIPLA report as a backstop that its total requested fee amount of $92,111 is reasonable. While Plaintiffs agree that courts routinely consult the AIPLA survey when fees are sought in intellectual property cases, they disagree that the 2019 AIPLA survey supports the amount sought by Terves here. Terves cites to a table on page I-216 of the survey to state that "the legal fees incurred in trade secret cases by the respondents to the survey, prior to pretrial, and for a law firm with more than 60 attorneys are between $150,000 and $625,000 (10-90% percentiles)." [Dkt. No. 68, p. 12].

A quick review of that portion of the AIPLA survey, which Terves attached to its brief as Exhibit B [Dkt. No. 69-3], demonstrates that Terves cited to the table for the wrong posture of the case. Terves purports that the table it cites is for "legal fees incurred … prior to pretrial." By the

9

table's own terms, that calculation includes "discovery, motions, and claim construction (*sic*)[2]," none of which have even been commenced—much less completed—in this case. [Dkt. No. 68-3, p. I-216].

The first table provided for trade secrets cases is the one to which Terves should have cited. That table is for activities through "initial case management," which would include a defendant's motion to dismiss or other response to a complaint, such as the Rule 12(b)(6) motion filed by Terves here. Other than a status conference on February 28, 2020, there was never an initial case management conference conducted in this case, nor has there been a scheduling order entered. Prior to the Court's dismissal, no written discovery was served, no depositions taken. Plaintiffs' Motion for *Ex Parte* Seizure, which Terves did not respond to in writing and, by definition, is brought prior to any case management conference, might not be reflected in the AIPLA amount. Thus, using Terves's submitted exhibit, the only proper range by which to check the reasonableness of Terves's claimed fee amount would be the "60 or more Attorneys" column of the first table listed on page I-216 of the AIPLA survey attached to Terves's motion:

| Litigation-Trade Secret Misappropriation <$1M Initial case management (000s) by Type of Practice (Q52Aa) | | | | | | |
|---|---|---|---|---|---|---|
| | Total | 1-3 Attorneys | 4-15 Attorneys | 16-59 Attorneys | 60 or more Attorneys | All Corporate |
| Number of Respondents | 29 | 5 | 1 | 6 | 14 | 1 |
| Mean (Average) | $30 | $15 | ISD | $17 | $43 | ISD |
| 10th Percentile 10% | $10 | ISD | ISD | ISD | $25 | ISD |
| First Quartile 25% | $18 | $10 | ISD | $9 | $25 | ISD |
| Median (Midpoint) | $25 | $12 | ISD | $18 | $25 | ISD |
| Third Quartile 75% | $25 | $23 | ISD | $25 | $25 | ISD |
| 90th Percentile 90% | $25 | ISD | ISD | ISD | $150 | ISD |

[Dkt. 68-3 at I-216]. The range of fees (10–90% percentiles) listed in that table is $25,000–$150,000 with a mean of $43,000 [*see* Dkt. No. 68-3, p. I-216], which is much more in line with

---

[2] The AIPLA tables include "claim construction" as an activity in certain tables for trademark, copyright, and trade secrets cases, even though that activity is exclusive to patent infringement cases.

the amount of fees properly reduced to account for Terves's improper block billing addressed, *supra*. Thus, for this stage of the litigation, the AIPLA's "reasonableness check" suggests that the amount to be awarded to Terves, if any, should be the block-billed-reduced-amount less unreasonable, excessive, and/or unnecessary fees incurred in connection with Terves's attorney's work attempting to disprove Plaintiffs' trade secrets; proposed findings of facts and conclusions of law; motion to dismiss the first appeal; motion to stay proceedings pending appeal; and motion for attorney's fees. As laid out, *supra*, and without conceding that Terves is entitled to any fees, that would bring Terves's recoverable fees much closer to between $15,000 and $25,000.

## CONCLUSION

For the foregoing reasons, any award of attorney's fees to Terves should first be reduced by at least 50% to account for Terves's attorney's improper block billing. That number should then be further reduced because Terves improperly seeks to recover excessive, unreasonable, and/or unrelated fees incurred in attempting to establish, at the pleading stage, that Plaintiffs do not possess a trade secret; submitting proposed findings of fact and conclusions of law; moving to dismiss an appeal of which it was not adjudged the prevailing party; unsuccessfully moving to stay the case pending the appeal; and preparing its attorney's fees motions. While Plaintiffs do not concede that Terves is entitled to *any* fees, properly reduced, the amount sought by Terves would be between $15,000 and $25,000.

Dated: September 30, 2020                                    Respectfully submitted,

/s/ *Evan W. Talley*
Evan W. Talley, OK Bar # 22923
(admitted *pro hac vice*)
**DUNLAP CODDING PC**
609 W. Sheridan Avenue
Oklahoma City, OK  73102
Telephone:    (405) 607-8600
E-mail: etalley@dunlapcodding.com

-and-

Jordan A. Sigale
(admitted *pro hac vice*)
Illinois ARDC No. 6210047
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
Telephone: (312) 651-6744
E-mail: jsigale@dunlapcodding.com

-and-

Steven J. Forbes (OH 0042410)
**NORCHI FORBES LLC**
Commerce Park IV
23240 Chagrin Blvd., Ste. 210
Cleveland, OH 44122
Telephone:     (216) 514-9500
E-mail: sforbes@norchilaw.com

*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

       I certify that on September 30, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Matthew Cavanagh
    David Cupar
    Tyler Mathews

                                          /s/ *Evan W. Talley*
                                          Evan W. Talley