**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Magnesium Machine, LLC et al., | ) | Case No. 1:19-cv-2818 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Donald C. Nugent |
| vs. | ) | |
| | ) | |
| Terves, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Terves' Memorandum in Support of**
**Motion to Set Amount of Attorneys' Fees**

This Court previously ruled that this case was filed and prosecuted in "bad faith," that attorneys for plaintiffs Magnesium Machine, LLC,  Magnesium Holdings, LLC, and Paramount Design, LLC (collectively, "MMP") unreasonably and vexatiously multiplied the proceedings under 28 U.S.C. § 1927, and ordered that "Plaintiffs and their attorneys shall be jointly and severally liable for those fees." (Order at 7-8, ECF #66.) In September 2020, Terves offered proof of its reasonable attorneys' fees of $92,111.00 (from start of case through September 30, 2020). (ECF #68.) MMP appealed before this Court set the fee amount. On December 6, 2021, the Sixth Circuit affirmed all of this Court's rulings, including the fee award, and the  mandate  issued  on December 29, 2021. Terves now offers proof of its additional reasonable attorneys' fees of $103,540. The total fees sought are as follows:

| Phase | Hours | Avg. Rate | Total |
|---|---|---|---|
| Fees itemized in Sept. 2020 Fee Brief (12/1/19 – 9/30/20) (ECF #68) | 195.4 | $ 471 | $      92,111.00 |
| Fees itemized here (10/1/20 – present) | 229.3 | $ 452 | $  103,540.00 |
| *TOTAL* | **424.7** | **$ 461** | **$  195,651.00** |

The Court should now enter a total fee award of **$195,651** against the MMP entities and the Dunlap Codding, P.C. law firm,[1] jointly and severally.

I.      **Background**

On April 3, 2020, MMP filed an interlocutory appeal of this Court's order vacating its ex parte seizure order, Appeal No. 20-3397. (ECF #35.)

On July 14, 2020, the Court dismissed the case with prejudice for failure to state a claim under Fed. Civ. R. 12(b)(6). (ECF #58.)

On July 21, 2020, MMP appealed the dismissal, Appeal No. 20-3779. (ECF #61.)

On August 18, 2020, the Sixth Circuit dismissed Appeal No. 20-3397 as moot because the district court had dismissed the entire case below. (Appeal No. 20-3397 at ECF #25.) Appeal No. 20-3779 proceeded.

On September 21, 2020, MMP appealed this Court's order awarding attorneys' fees, Appeal No. 20-3998. (ECF #67.) MMP appealed before this Court set the amount of fees.

On September 23, 2020, Terves provided its Brief on the Amount of Attorneys' Fees (the "Fee Brief"). (ECF #68.) Terves proved a total of $92,111 in reasonable attorneys' fees, which represented its fees incurred from start of the case (Dec. 2019) through September 2020. (*Id.*; *see also* M. Cavanagh Decl., ECF #68-1.)

On September 30, 2020, MMP filed its opposition to Terves' fee amount. (ECF #69.)

---

[1] On appeal, MMP argued that § 1927 sanctions must be assessed against the individual attorneys and not against their law firm Dunlap Codding, P.C. The Sixth Circuit ruled that MMP had forfeited that argument by not raising it at the district court and affirmed awarding fees against Dunlap Codding and the MMP entities, jointly and severally, (*see* Opinion at 12, att'd as Ex. B).

On July 28, 2021, the Sixth Circuit consolidated Appeal No. 20-3998 with 20-3779. (Appeal No. 20-3998 at ECF #22.)

On December 6, 2021, the Sixth Circuit issued its opinion affirming the district court's orders. (Appeal No. 20-3779 at ECF #54, att'd as Ex. B.)

On December 29, 2021, the Sixth Circuit issued its mandate, returning full jurisdiction to this Court. (ECF #75.)

## II.     Terves' Prior Fee Brief

In its Fee Brief (ECF #68), Terves previously (a) analyzed the law governing attorney fee amounts, including the "lodestar method," (b) explained why Terves' fees incurred in defending this case are reasonable and recoverable, (c) demonstrated that Terves' attorneys' hourly billing rates are reasonable, as confirmed by the AIPLA survey on lawyers' billing rates and total fees in IP cases; (d) demonstrated that the number of hours charged by Terves' attorneys for the work performed were reasonable, and (e) detailed the reasonable fees incurred from start of case through September 2020. (ECF #68.)

## III.    Reasonableness of Hourly Rates

Since the Fee Brief, the billing rates of Terves' attorneys' have increased by around 5% (as to Mr. Cavanagh) or stayed the same (as to Mr. Cupar), and the blended average billing rate for all Terves' attorneys dropped from $471 per hour in phase one to $452 per hour in phase two. (*Compare* Cavanagh 12/30/21 Decl. ¶ *6 with* Cavanagh 9/23/20 Decl. ¶ 6, ECF #68-1.) Thus, their hourly rates charged since September 2020 are reasonable based on the previously submitted AIPLA survey (ECF #68-3) and related arguments provided with the prior Fee Brief (Fee Brief 9-12, ECF #68).

Associate attorney, Lidia Mowad, billed time to Terves during this second phase, but did not bill during the first phase. So her fees were not addressed in the prior Fee Brief. Ms. Mowad billed Terves at an average rate of $300 per hour. (Cavanagh Decl. ¶ 6.) She is a 2018 graduate of Case Western University Law School. Ms. Mowad's rate tracks the average rates for an associate attorney according to the AIPLA Report, which shows an average billing rate for an associate with fewer than five years experience is $309 per hour, and an associate's average billing rate in the "Other Central" region, where Ohio resides, is $314 per hour. (ECF #68-3, PageID #1431.)

Because Terves already briefed the law on fee amounts and proved the reasonableness of hourly rates for Messrs. Cupar and Cavanagh, it will not repeat that law or evidence here, and incorporates its prior briefing on those subjects here by reference. (ECF #68.)

Below, Terves describes the litigation work that Terves' lawyers have performed since the September 2020 Fee Brief was filed and details the reasonable hours incurred by Terves' attorney for that work.

IV.     **The hours billed are reasonable for the litigation work done since Sept. 2020**

The district court has broad discretion to determine whether hours incurred are reasonable. *See Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442, 446-47 (6th Cir. 2009). The fees detailed here are those incurred since Terves' September 2020 Fee Motion and fall into two categories: (i) work on the two Sixth Circuit appeals filed by MMP, and (ii) work on this motion to set the amount of attorneys' fees.

Attorneys' fees incurred to defend district court rulings on appeal are recoverable when fees are awarded under fee-shifting statutes like the trade secret statutes at issue here.

*See Medison Am., Inc. v. Preferred Med. Sys.,* LLC, No. 2:05-02390-DKV, 2010 WL 11601462, at *4 (W.D. Tenn. Nov. 12, 2010) (awarding fees incurred at district court and on appeal); *Tyson v. Sterling Rental, Inc.*, No. 13-cv-13490, 2019 WL 3554713, at *4-5 (E.D. Mich. Apr. 17, 2019) (awarding fees incurred on appeal under fee-shifting statute); *Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442, 450 (6th Cir. 2009) ("Where a statute provides for an award of attorney's fees to a prevailing party, 'reasonable appellate fees may [also] be awarded to [the] prevailing party.'") (quoting *Riley v. Kurtz*, 361 F.3d 906, 915 (6th Cir. 2004)); *Michigan Bldg. & Construction Trades Council v. Snyder,* No. 11-13520, 2012 WL 1893516, (E.D. Mich. May 23, 2012) (staying fee calculation until after appeal because "[i]f Plaintiffs prevail, they will be entitled to additional fees for time spent on the appeal"); *Ackerman v. Washington*, No. 13-14137, 2020 WL 9056042, at *1 (E.D. Mich. May 11, 2020) (same).

Likewise, a party may recover fees it incurs drafting its fee motion and other fee-related litigation work. *See Dowling*, 320 Fed. App'x at 446 note 2 (affirming fee award that included "time spent on fee-related litigation"); *Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir. 1979); *Tyson*, 2019 WL 3554713, at *4.

Here is a summary of the additional fees sought by this motion:

| Description | Hours | Avg. Rate | Total |
|---|---|---|---|
| Appeal of Dismissal and Ex Parte Seizure Order (Appeal No. 20-3779) | 97.8 | $ 484 | $  47,340.00 |
| Appeal of Attorney Fee Order (Appeal No. 20-3998) | 88.1 | $ 396 | $  34,908.00 |
| MMP Judicial Notice Request (appeal) | 18.7 | $ 483 | $   9,024.00 |
| Supplemental Authority (appeal) | 10.2 | $ 492 | $   5,018.00 |
| This Fee Motion (district court) | 14.5 | $ 500 | $   7,250.00 |
| *SUB-TOTAL* | **229.3** | **$ 452** | **$ 103,540.00** |

(Cavanagh Decl. ¶ 10.) Thus, the total fees sought are:

| Phase | Hours | Avg. Rate | Total |
|---|---|---|---|
| Fees itemized in Sept. 2020 Fee Brief (12/1/19 – 9/30/20) (ECF #68) | 195.4 | $ 471 | $      92,111.00 |
| Fees itemized here (10/1/20 – present) | 229.3 | $ 452 | $  103,540.00 |
| *TOTAL* | 424.7 | $ 461 | $  195,651.00 |

Between October 1, 2020 and December 30, 2021, Terves' attorneys billed 229.3 hours. That is a reasonable number of hours because MMP filed two separate appeals, made every appeal argument imaginable, and tried an improper and failed last-ditch effort to get the Sixth Circuit to take "judicial notice" of irrelevant documents from prosecution of its unpublished patent application.

As proof of the fees incurred and the reasonableness of them, Terves has attached to this brief the declaration of Matthew J. Cavanagh and McDonald Hopkins' monthly invoices issued to Terves since Oct. 1, 2020 (Ex. A). As to the invoices, Terves redacted in black those time entries for which it does not seek recovery. Most of those time entries relate to Terves' patent infringement lawsuit against MMP's supplier, Ecometal Inc. McDonald Hopkins billed Terves for both cases under the same matter number in the same invoices. Where a time entry on a particular date includes tasks related to the trade secret case and to the patent case, Terves blacked-out the portion related to the patent case, crossed-out the total time charged for that entry, and typed the amount attributable to the trade secret case below the crossed-out amounts. (Cavanagh Decl. ¶ 9.)

The tables below summarize the work done by Terves' attorneys for each phase of the case.

| Appeal on Dismissal and Ex Parte Order (No. 20-3779) | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Position** | **Hours Billed** | **Rate** | **Total Fees** |
| Matthew Cavanagh | Member | 93.4 | $ 480 | $ 44,832.00 |
| David Cupar | Member | 4.4 | $ 570 | $ 2,508.00 |
| **TOTAL** | | 97.8 | $ 484 | $ 47,340.00 |

(Cavanagh Decl. ¶ 10); *see also* Ex. A (MH invoices).) The Appeal No. 20-3779 work includes

the following work necessary to litigate the case:

- Review and analyze MMP's Appellant Brief, analyze appeal issues, study MMP's appeal arguments, and develop arguments for responding to same.

- Analyze and distinguish caselaw cited in MMP's Appellant Brief.

- Review district court record to investigate MMP's assertions on appeal and to correct them in Appellee Brief

- Perform independent legal research to support arguments in Terves' Appellee Brief.

- Draft, edit, and finalize Terves' Appellee Brief.

- Analyze MMP's Reply Brief

(*See* Cavanagh Decl. ¶ 11; *see also* Ex. A (MH invoices).)

The hours spent on Appeal No. 20-3779 are especially reasonable considering that

MMP's Appellant Brief was 54 pages of densely-packed arguments, it raised four different

appeal issues, appealed three different orders (dissolution of the seizure order, dismissal

order, and an alleged denial of "further injunctive relief"), and raised countless arguments

that required rebuttal from Terves (including several new arguments that were never raised

before). (*See* MMP Appellant Brief, Appeal No. 20-3779 at ECF #21.)

| Appeal on Fee Order (Appeal No. 20-3998) | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 47.1 | $ 480 | $ 22,608.00 |
| Lidia Mowad | Associate | 41.0 | $ 300 | $ 12,300.00 |
| | **TOTAL** | 88.1 | $ 396.23 | $ 34,908.00 |

(Cavanagh Decl. ¶ 10; *see also* Ex. A (MH invoices).) The Appeal No. 20-3998 work includes

the following work necessary to litigate the case:

- Review and analyze MMP's Appellant Brief, analyze appeal issues, study MMP's appeal arguments, and develop arguments for responding to same.

- Analyze and distinguish caselaw cited in MMP's Appellant Brief.

- Review district court record to investigate MMP's assertions on appeal and to correct them in Appellee Brief

- Perform independent legal research to support arguments in Terves' Appellee Brief.

- Draft, edit, and finalize Terves' Appellee Brief.

- Analyze MMP's Reply Brief

(Cavanagh Decl. ¶ 12; *see also* Ex. A (MH invoices).)

| Supplemental Authority | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 10.2 | $ 492 | $ 5,018.00 |

(Cavanagh Decl. ¶ 10; *see also* Ex. A (MH invoices).) The Supplemental Authority work

includes the following work necessary to litigate the case:

- Monitoring caselaw developments related to the main cases cited at the district court and on appeal.

- Analyzing the Ohio Supreme Court's *Reister v. Gardner* (2020-Ohio-5484) decision that reversed an appellate decision cited by Terves at the district court and on appeal.

- Draft notice of supplemental authority to Sixth Circuit explaining why *Reister* decision does not alter the grounds for affirmance.

- Analyze the Ohio Court of Appeals decision in *Kim v. Randal A. Lowry & Assocs.*, 166 N.E.3d 146, 2021-Ohio-51 (9th Dist.), which held there was no tort liability over an attorneys' handling of litigation documents and that alleged violations of Local Rules does not give rise to tort liability.

- Draft notice of supplemental authority to Sixth Circuit explaining why *Kim* decision favors affirmance.

(Cavanagh Decl. ¶ 13; *see also* Ex. A (MH invoices).)

| MMP's Request for Judicial Notice | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 18.7 | $ 483 | $ 9,024.00 |

(Cavanagh Decl. ¶ 10; *see also* Ex. A (MH invoices).) The <u>MMP's Request for Judicial Notice</u>

work includes the following work necessary to litigate the case:

- Review MMP's Request for Judicial Notice of irrelevant patent prosecution documents made in Reply Brief of Appeal No. 20-3998;

- Research and analyze the law regarding whether MMP can attached evidence to its Reply Brief without obtaining leave, and research whether seeking judicial notice of prosecution records is proper when those records were sealed, not before the district court, never seen by Terves, and incomplete; and

- Draft and revise various documents opposing MMP's request for judicial notice in accordance with Sixth Circuit's instructions.

(Cavanagh Decl. ¶ 14; *see also* Ex. A (MH invoices).)

| Fee Motion (since affirmance on 12/6/2021) | | | | |
|---|---|---|---|---|
| *Timekeeper* | *Position* | *Hours Billed* | *Rate* | *Total Fees* |
| Matthew Cavanagh | Member | 14.5 | $ 500 | $ 7,250.00 |

(Cavanagh Decl. ¶ 10; *see also* Ex. A (MH invoices).) The <u>Fee Motion</u> work includes the

following work necessary to litigate the case:

- Review Terves' invoices since the last fee motion in September 2020, and identify all recoverable charges related to MMP trade secret lawsuit.

- Review past filings related to fee motion to determine what additional information and law is needed by Court to tabulate final fee amount.

- Perform legal research to further confirm the recoverability of all fees sought.

- Draft and edit fee motion and supporting documents.

(Cavanagh Decl. ¶ 15; *see also* Ex. A (MH invoices).)

## V.      Conclusion

For the reasons provided here and in Terves' September 2020 Fee Brief, the Court

should grant this motion and award total fees of **$195,651**.

Respectfully submitted,

Dated:  December 30, 2021

   s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Terves LLC*

## L.R. 7.1(f) Certification

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 15 pages.

    s/ Matthew J. Cavanagh
*Counsel for Terves LLC*

{10050552: }